Charles Wayne **ADAMS**, Appellant (Defendant Below),

v.

Jack R. **DUCKWORTH**, Warden, Indiana State Prison, Appellee (Plaintiff Below).

No. 479S97.

Supreme Court of Indiana.

Dec. 2, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of relief sought by Petitioner (Appellant) upon a pe-

tition filed *pro se* with the Circuit Court of LaPorte County and entitled "Petition for a Writ of Habeas Corpus." Petitioner is an inmate of the Indiana State Prison, located in LaPorte County, hence said court would have jurisdiction to determine the merits of a proper habeas corpus petition. However, the petition did not allege entitlement to or pray for release by the named respondent, Jack R. Duckworth, as Warden of the prison and hence, was not a petition for a writ of habeas corpus. Rather, it was a mis–labeled petition for a "sufficiency of the evidence" review of the findings of the prison Conduct Adjustment Board and for a mandate of changes in his confinement conditions. In essence, it is Petitioner's position that the Conduct Adjustment Board erred in its finding that he was guilty of escape and that the Warden and the Commission of the Department of Corrections were in error in denying his successive appeals in reviews provided for by prison and department rules. The findings and rulings are of consequence to the petitioner in that they have rendered him ineligible, for a period of four years, for transfer to another penal institution. Transfer, he alleges, is necessary to protect him from other prisoners who have threatened and attempted to kill him in retaliation for his role, cooperative with the institutional authorities, in reporting .and quelling an inmate riot. Interspersed in the petition to the trial court and in the record and briefs before this Court are claims that, under the circumstances of the case, his continued confinement, in segregated protective custody at the prison, is an unconstitutional infliction of cruel and unusual punishment and a denial of due process of law and that a determination of whether or not his escape was *legally justified*, as necessary, is germane to his claim for relief.

The trial court understandably considered the petition as a mis–labeled petition for post conviction relief in view of our liberal application of post conviction jurisdiction in the recent cases of *Dunn v. Jenkins*, (1978) 268 Ind. 478, 377 N.E.2d 868 and *Hawkins et al. v. Jenkins et al.*, (1978) 268 Ind. 137, 374 N.E.2d 496. However, we have more

recently determined that "there is presently no constitutionally protected right to judicial review of the decisions of fact–finding and appellate tribunals presently conducting disciplinary proceedings within the prison system." *Riner v. Raines*, (1980) Ind., 409 N.E.2d 575.

Our decision herein is controlled by that case. The judgment of the trial court being upon the merits, it is, therefore, reversed. The cause is remanded to the trial court with instructions to dismiss the petition.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.