Robert Joe BATES, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1180S411.

Supreme Court of Indiana.

Oct. 8, 1981.

---

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of unrelated charges of Robbery pursuant to a plea agreement. This direct appeal presents two issues:

(1) Whether the trial court erred in sentencing the defendant.

(2) Whether the trial court erred with respect to its determination of "good time" credits toward the defendant's sentence.

\* \* \*

### ISSUE I

In 1976, pursuant to a plea bargain, Defendant pled guilty to a count of Robbery, Cause No. 844. Cause No. 843, an unrelated count of Robbery, was dismissed. He was sentenced to ten (10) years imprisonment.

On December 21, 1979, the trial court granted post conviction relief, set aside the 1976 conviction, and Defendant was returned to Elkhart County to stand trial. The State then refiled Cause No. 843 and also filed a third unrelated count of Robbery, Cause No. 1519, of which it was aware when it negotiated the 1976 plea agreement.

In May, 1980, Defendant entered a plea agreement by which he again pled guilty in Cause No. 844 and also pled guilty in Cause No. 1519, and Cause No. 843 was again dismissed. He was sentenced to ten (10) years imprisonment in Cause No. 844 and to twelve (12) years imprisonment in No. 1519, said terms to be served concurrently.

Post Conviction Rule 1, Section 10 provides:

> (a) If prosecution is initiated against a petitioner who has successfully sought relief under this Rule and a conviction is subsequently obtained, or
>
> (b) if a sentence has been set aside pursuant to this Rule and the successful petitioner is to be resentenced, then the sentencing court shall not impose a more severe penalty than that originally imposed, and the court shall give credit for time served."

In *Ballard v. State*, (1974) 262 Ind. 482, 501, 502, 318 N.E.2d 798, 810, we held that under Post Conviction Rule 1, Section 10, following the grant of relief setting aside a guilty plea, the trial court may not inflict a sentence greater than the one initially imposed and that such limitation operates, not only as to the offense for which the defendant was initially sentenced, but also as to all his other crimes flowing from the occurrences that gave rise to the initial charges and of which the State had had pertinent information and an opportunity to charge.

■ Defendant seeks to have *Ballard* extended to apply the sentencing limitation to all his crimes of which the State had knowledge at the time of the initial plea bargain, but there is nothing about the rule that compels such a result. The initial guilty plea would not have precluded the State from initiating a prosecution for the robbery at any time. It was not a part of the plea agreement, either expressly or impliedly.

Defendant also contends that "Resentencing a defendant for a greater term after he has been successful on appeal has always been prohibited if done solely for vindictive reasons.", citing *North Carolina v. Pearce*, (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 and *Cherry v. State*, (1981) Ind., 414 N.E.2d 301. There has never been a "resentencing" on Cause No. 1519. *Pearce* and *Cherry* are not applicable.[1]

## ISSUE II

Defendant complains that the trial court should have ordered 1338 days good time credit for the time that he spent in prison prior to the December 21, 1979 grant of post conviction relief. While the record is not clear, it appears that during this period Defendant was assigned to different classes of good time earning status by the Department of Corrections and therefore, accumulated good time credits at various rates.

Defendant argues that the grant of post conviction relief, in effect, rendered him a pre-trial detainee from his arrest in November, 1975, until the judgment of conviction on June 30, 1980, upon the May, 1980 plea. Under Ind.Code § 35–50–6–4(b) (Burns 1979), effective October 1, 1977, there is no authority for changing the good time earning status of pre-trial detainees. The Legislature created that authority in a 1979 amendment, Ind.Code § 35–50–6–4(b) (Burns Supp.1980), effective April 1, 1980. Thus, Defendant argues that the trial court's failure to order 1338 days good time credit is a retroactive application of Ind.Code § 35–50–6–4(b) (Burns Supp.1980) in violation of *Dunn v. Jenkins*, (1978) 268 Ind. 478, 377 N.E.2d 868.

■ From March, 1976 until December 1979, Defendant was incarcerated pursuant to a judgment of conviction. He was not transformed into a pre-trial detainee during this period by the grant of post conviction relief. Therefore, Defendant's reference to comments about pre-trial detainees in *Bell v. Wolfish*, (1979) 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 is inapposite. The trial court did not retroactively apply Ind. Code § 35–50–6–4(b) (Burns Supp.1980).

■ Defendant next contends that the trial court erred in failing to apply Ind.Code § 35–50–6–4(a) retroactively to the period that he was in jail prior to October 1, 1977. He relies upon a principle of amelioration explained in *Dowdell v. State*, (1975) 166 Ind.App. 395, 401 n. 8, 336 N.E.2d 699, 702 n. 8, *Wolfe v. State*, (1977) 173 Ind.App. 27,

---

1. We note that *Cherry v. State, supra,* applies only to the prosecutor's power to refile charges, which were dismissed at the behest of the State.

362 N.E.2d 188, and *Maynard v. State,* (1977) Ind.App., 367 N.E.2d 5. Since the record is unclear as to how much good time credit the defendant had accumulated prior to October 1, 1977, we cannot determine that a retroactive application of Ind.Code § 35–50–6–4(a) would result in a favorable recomputation. Nevertheless, Defendant's reliance upon *Dowdell, Wolfe,* and *Maynard* is misplaced. These cases treat the problem arising from a legislative reduction in the penalty for an offense occurring during the pendency of the prosecution. In the recent case of *Cottingham v. State,* (1981) Ind., 424 N.E.2d 105, we noted that through Acts 1977, Public Law 340, section 149(e) (p. 1610) the Legislature simply intended to preserve the amount of good time each person had accumulated by October 1, 1977:

"Neither this act nor Acts 1976, P. L. 148 affects the amount of good time a person has earned under diminution of sentence statutes in effect before October 1, 1977. After September 30, 1977, a person imprisoned under statutes in effect before October 1, 1977, is entitled to diminution of his sentence according to the credit time class to which he is assigned by this SECTION, or to which he may be assigned under IC 35–50–6."

It is apparent from this language that the Legislature did not intend that subtractions or additions be made with respect to accrued good time credits. There is no merit to the defendant's argument.

Lastly, Defendant complains of the trial court's failure to award 178 days good time credit for the time that he spent awaiting trial in the Elkhart County Jail from January 4, 1980 to June 30, 1980. While in the county jail, Defendant was accused of an assault and battery, which occurred June 5, 1980. He was also involved in other infractions of the jail rules. On June 10, 1980, a disciplinary hearing was held, and the Elkhart County Sheriff filed a report, which is contained in the record and recommended the deprivation of 158 days good time credit.

Defendant contends that the trial court retroactively applied Ind.Code § 35–50–6–5(a) (Burns Supp.1980); that the hearing held on June 10, 1980 did not comport with the requirements of Ind.Code § 35–50–6–4(c) (Burns Supp.1980); and that the trial court's deprivation of 178 days good time credit is not sustained by the evidence.

■ Ind.Code § 35–50–6–5(a) (Burns Supp.1980), which permits the deprivation of good time credit for pre-trial detainees who violate a rule of the facility where they are imprisoned, became effective on April 1, 1980. Prior to that date, there was no authority for depriving pre-trial detainees of good time credit. Thus, Defendant is entitled to 87 days good time credit from January 4, 1980 until April 1, 1980. *See Dunn v. Jenkins,* (1978) 268 Ind. 478, 483–84, 377 N.E.2d 868, 872–73.

■ Defendant's complaints with respect respect to the disciplinary hearing are not subject to judicial review in Indiana state courts. *See Adams v. Duckworth,* (1980) Ind., 412 N.E.2d 789; *Riner v. Raines,* (1980) Ind., 409 N.E.2d 575, 579.

■ Lastly, the Elkhart County Sheriff's recommendation of deprivation of good time credit did not cover the period from June 10, 1980 to June 30, 1980. Therefore, Defendant is correct in his contention that the trial court's deprivation of those twenty (20) days good time credit is not supported by the evidence.

This case is remanded with instructions to credit the defendant with 107 days good time credit. In all other respects the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.