Leslie R. HARRIS, Petitioner–Appellant,

v.

Jack R. DUCKWORTH, Warden and Indiana Attorney General, Respondents–Appellees.

No. 88–2855.

United States Court of Appeals, Seventh Circuit.

Argued May 8, 1990.

Decided Aug. 9, 1990.

Allen E. Shoenberger, Grant Peters (law student), Loyola Law School, Chicago, Ill., for petitioner-appellant.

Kimberlie A. Forgey, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before BAUER, Chief Judge, MANION, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Leslie Ray Harris petitioned the district court by writ of habeas corpus claiming that, in determining that he violated prison disciplinary rules, the Indiana State Prison Conduct Adjustment Board deprived him of his procedural due process rights. Concluding that Harris failed to exhaust available state court remedies as required by 28 U.S.C. § 2254(b), the district court denied his petition. For the reasons set forth below, we reverse and remand.

## I.

While serving an eight year term at the Indiana State Prison for robbery, Harris was found guilty by the Conduct Adjustment Board of committing battery upon another person. As a result, he was stripped of five hundred days earned credit time, reduced from Time Earning Class II to Time Earning Class III, segregated for one year, and transferred to a maximum security prison.

Harris asserts that the procedural rights guaranteed to him by IND. CODE § 11–11–5–5(a)(1)–(10), including the right to call favorable witnesses and the right to confront and cross-examine witnesses, were impermissibly denied to him. Claiming that he was barred from asserting his rights in Indiana state court, Harris petitioned the United States District Court for the Northern District of Indiana for a writ of habeas corpus. Holding that potential remedies existed in the Indiana Declaratory Judgment Act, IND. CODE § 34–4–10–1 et seq. and the Indiana Rules of Procedure for Post–Conviction Remedies, Rule PC 1, § 1(a)(5), the district court dismissed Harris' petition for failure to exhaust available state remedies.

## II.

While it has been settled for over a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts, *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) *citing Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), when the district court dismissed Harris' petition it was less than clear whether Indiana provided judicial review of individual decisions of the state prison disciplinary system. While in both *Riner v. Raines*, 274 Ind. 113, 409 N.E.2d 575 (1980) and *Adams v. Duckworth*, 274 Ind. 503, 412 N.E.2d 789 (1980) the Indiana Supreme Court made exceedingly clear that there was no constitutionally protected due process right to judicial review of the evidence presented to prison disciplinary boards to determine whether it was sufficient to support the decision reached, it remained less than clear whether the Indiana Court would also deny judicial review of alleged procedural errors made in connection with disciplinary proceedings. One year later in *Bates·v. State*, 426 N.E.2d 404 (Ind.1981) the Indiana Supreme Court, citing *Riner* and *Adams*, slightly clarified their opinion by summarily dismissing a complaint challenging both the evidentiary and procedural adequacy of the disciplinary hearing of a pre-trial detainee.

On December 7, 1988, exactly three months after the district court ordered the dismissal of Harris' petition, in *Hasty v. Broglin*, 531 N.E.2d 200, (Ind. 1988), the Indiana Supreme Court resolved the issue by definitively deciding that there was no constitutionally protected right to judicial review of individual decisions of the prison disciplinary system. Since the petitioner in *Hasty* alleged only that "the disciplinary *procedures* of the Westville Correctional Center violated his constitutional rights," *Id.* (emphasis added), we are certain that Indiana courts now decline to review *any* individual decisions of the prison disciplinary system. *Id.* at 201. Since we are equally certain that a habeas corpus petition is the proper procedural vehicle to challenge a loss of good-time credits and a demotion in Time Earned Credits, *Jackson v. Carlson*, 707 F.2d 943, 946, (7th Cir. 1983), we reverse the district court's dismissal of the petition for failure to exhaust

available state court remedies and remand the case for consideration on the merits. (Circuit Rule 36 shall not apply).

REVERSED AND REMANDED.