948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leroy W. BAKER, Petitioner/Appellant,
v.
Dick CLARK, Warden and Indiana Attorney General,
Respondents/Appellees.
 No. 91-1260.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 20, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 In May of 1977, Leroy Baker began serving two concurrent thirty-year prison sentences for committing armed robbery. Baker assembled an erratic disciplinary record while in prison. Between 1982 and 1988 Baker was promoted and demoted several times between time-earned credit classes--the Indiana prison system's measuring stick for determining how much good-time prisoners earn toward the prospect of early release. As of November 16, 1990 (approximately five weeks after Baker filed his habeas corpus petition in the district court) the Indiana Department of Correction projected that Baker's release date would be May 14, 1992.
 
 
 2
 In October 1990, Baker petitioned the district court for a writ of habeas corpus claiming, in part,[1] that his sentence has expired, thus his imprisonment violates his due process rights. The district court found that potential state remedies existed under Rule 1, § 1(a)(5) of Indiana's Rules of Procedure for Post-Conviction Remedies and its state habeas corpus procedure, Ind.Code § 34-1-57-1 (1982), and dismissed Baker's petition for failure to exhaust the available state remedies. We affirm.
 
 
 3
 Generally, a state prisoner must exhaust available state remedies before a federal court can consider a petition for a writ of habeas corpus. Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Indiana's Post-Conviction Remedy Rule 1 provides an available state remedy for Baker's claim that his sentence has expired: "Any person who has been convicted of, or sentenced for, a crime by a[n Indiana] court, and who claims that his sentence has expired ... may institute at any time a proceeding under this Rule to secure relief." Ind.R.P.Post.Conv. 1(a)(5). Also, Indiana's state habeas corpus statute provides that "[e]very person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Ind.Code § 34-1-57-1 (1982). Hence, Baker must proceed down the state procedural avenues before he can summon a federal court to hear his case.
 
 
 4
 Baker's claim, however, relies on what Baker sees as respondents' erroneous credit-time calculation. Baker cites Harris v. Duckworth, 909 F.2d 1057 (7th Cir.1990), to support his case. In Harris we held "that a [federal] habeas corpus petition is the proper procedural vehicle to challenge a loss of good-time credits and a demotion in Time Earned Credits." Id. at 1058. Harris, however, differed in one key respect from Baker's case. Harris involved an appeal from a disciplinary board action, and we found federal habeas an appropriate procedure because Indiana did not provide a state remedy for such an appeal. That is, exhaustion was accomplished. But, in this case, Baker does not take issue with the disciplinary board that lowered his credit class. Baker, rather, contends that the Department of Correction incorrectly implemented the credit-time decisions into the general scheme of credit-time calculation--Baker claims that the Department of Correction got its math wrong. Because there are state remedies available for such a claim, Harris does not apply. Baker must use Indiana's state procedural vehicles to challenge the purportedly erroneous calculations. The district court's order dismissing this case without prejudice is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In Baker's initial petition he claimed additionally that he received an improper sentence. Baker did not raise this issue on appeal, and as a result the issue is waived. Deeming v. American Standard, Inc., 905 F.2d 1124, 1129 (7th Cir.1990)