Donald **HOLTZ**, Jr., Petitioner,

v.

Thomas **RICHARDS**, Superintendent, and Indiana Attorney General, Respondents.

Civ. No. S91–309S.

United States District Court, N.D. Indiana, South Bend Division.

Nov. 27, 1991.

Ernest Tope, Lay Advocate, Indianapolis, Ind., for petitioner.

Kermit Hilles, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court on the motion for summary judgment filed on September 18, 1991, by respondents Thomas Richards and the Indiana Attorney Gener-

al, pursuant to Rule 56, Federal Rules of Civil Procedure.

## I.

On July 5, 1991, *pro se* petitioner, Donald Holtz, Jr., an inmate at the Westville Correctional Center (W.C.C.), filed a petition seeking relief under 28 U.S.C. § 2254. In his habeas petition, the petitioner does not challenge the conviction that resulted in his incarceration. Instead, he challenges the results of a Conduct Adjustment Board (CAB) proceeding held at the W.C.C. He seeks restoration of forty-five (45) days of good time credit, which he lost as a result of a 1988 CAB hearing.

It appears that the petitioner cut himself on the arm after threatening suicide. He was charged by the CAB with a violation of a federal, state or local law, "attempted suicide," I.C. § 35–45–5–1. As a result of the disciplinary action, he lost forty-five (45) days of good time. He did not seek any administrative review of the loss of good time. As the petitioner correctly points out, I.C. § 35–45–5–1 deals with gambling, not attempted suicide. There apparently is no statute in the State of Indiana making attempted suicide a crime. Because the petitioner challenges the actions of the CAB, it becomes the obligation and burden of this court to deal with certain decisions of such CAB proceedings under 28 U.S.C. § 2254. *See Harris v. Duckworth*, 909 F.2d 1057 (7th Cir.1990).

The respondents filed a motion to dismiss on August 7, 1991, and on September 4, 1991, this court entered an order, which is incorporated herein by reference, denying the aforesaid motion to dismiss with leave of the respondents to supplement the record and to pursue, on a fuller record, summary judgment under Rule 56, Fed. R.Civ.P. The court based its denial on the grounds that the record before the court was too sparse for the court to rule on the respondents' motion to dismiss.

On September 18, 1991, the respondents filed a motion for summary judgment, which demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The petitioner has not filed a traverse to the respondents' motion for summary judgment.

## II.

The Supreme Court articulated the standards to be followed in prison disciplinary hearings in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). To safeguard due process, the Court required that advance written notice of the claimed violation and a written statement of the fact-finders as to the evidence relied upon and the reasons for the disciplinary action taken be provided. *Id.* at 563, 94 S.Ct. at 2978. *Wolff* also recognizes an inmate's right to call witnesses in a disciplinary proceeding. 418 U.S. at 566, 94 S.Ct. at 2979. In *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the Court held that due process only requires that there be some evidence in the record to support the findings made in the disciplinary hearing. *Id.* at 456, 105 S.Ct. at 2774. The Seventh Circuit adopted the *Wolff–Hill* approach in *Saenz v. Young*, 811 F.2d 1172 (1987), and in *Culbert v. Young*, 834 F.2d 624 (1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988).

## III.

Here, the petitioner contends that the respondents charged him with attempted suicide under I.C. § 35–45–5–1, which deals with gambling, not attempted suicide. He asserts that because Indiana has no statute making attempted suicide a crime, it is a violation of his due process rights to charge him with a crime that does not exist. Accordingly, he seeks restoration of the forty-five (45) days of good time credit which he lost as a result of the CAB proceeding.

The respondents concede that the petitioner's point is well taken since I.C. § 35–45–5–1 does, indeed, deal with gambling rather than attempted suicide. The respondents contend, however, that their motion for summary judgment should be granted on the grounds of mootness, asserting that because the forty-five (45) days of good

time credit have been restored to the petitioner, his petition is moot.

In support of their motion for summary judgment, the respondents have submitted a letter to the petitioner from John L. Nunn, the Deputy Commissioner for Operations of the Indiana Department of Correction. In the aforesaid letter, Mr. Nunn advised the petitioner that a review of the facts surrounding his case revealed that there were substantive defects in the conduct report and that he was ordering that the disciplinary action be expunged from the petitioner's records and that the forty-five (45) days of credit time be restored.

Because the disciplinary action was expunged from the petitioner's records and the forty-five (45) days of good time credit restored, the petitioner has received the remedy he sought in his habeas petition, restoration of the forty-five (45) days of good time credit he lost as a result of the defective prison disciplinary hearing in 1988. Therefore, his petition is MOOT.

Based on the foregoing, there is no basis in this record for the grant of relief under 28 U.S.C. § 2254. Accordingly, the motion for summary judgment filed by the respondents on September 18, 1991, is hereby GRANTED and the petitioner's writ of habeas corpus is hereby DENIED. IT IS SO ORDERED.