**Orrin Scott REED, Plaintiff,**

v.

**Daniel McBRIDE, et al., Defendants.**

**No. 3:00–CV–0094 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 24, 2000.

Orrin Scott Reed, Westville, IN, pro se.

Thomas D. Quigley, Indiana Attorney General, Indianapolis, IN, for Defendants.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

Orrin Scott Reed, a prisoner confined at the Westville Correctional Facility ("WCF"), submitted a complaint under 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to

state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).

■ A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir. 1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir. 1994); *cert. denied,* 516 U.S. 862, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir.1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir.1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994). "Fed.R.Civ.P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998), *quoting Hishon v. King & Spalding,* 467 U.S. at 73; see also *Foust v. State of Indiana,* 175 F.3d 1019 (7th Cir. 1999) (dismissal of case at pleadings stage reversed in part, based on notice pleading standards and broad reading of pro se complaints).

■ Mr. Reed brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must satisfy two elements: he must allege violation of rights secured by the Constitution and laws of the United States, and he must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572, (1980); *accord, Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433, (1979). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Juriss v. McGowan,* 957 F.2d 345, 349 n. 1 (7th Cir.1992); *Baker v. McCollan,* 443 U.S. at 140, 99 S.Ct. 2689.

Mr. Reed alleges that three WCF correctional officers "filed false and malicious prosecution charges against plaintiff, resulting in additional prison confinement beyond plaintiff's 'mandatory release date of May 6, 2000.'" Mr. Reed suggests that the officers drafted conduct reports against him in "retaliation for [Mr. Reed] seeking redress in court and by DOC policy (grievances and letters), and to punish plaintiff for complaining from [sic] inmate assaults." Mr. Reed alleges that "although witnesses tried to testify and present affidavits showing the prosecutions were false," the Conduct Adjustment Board ("CAB") found him guilty of the charges against him and deprived him of good time credits and/or demoted him to a lower good time earning classification. Mr. Scott does not state whether he appealed the CAB findings of guilt through the Indiana Department of Correction administrative appeals procedure described in *Markham v. Clark,* 978 F.2d 993 (7th Cir.1992), nor do the records of this court indicate that Mr. Reed has filed a habeas

corpus petition challenging the loss or denial of good time credits.

In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254, and concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994), *citing Preiser v. Rodriguez,* 411 U.S. at 488–490, 93 S.Ct. 1827. The loss of earned good time credits or denial of prospective good time credits has the effect of increasing the duration of a prisoner's confinement, so habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth,* 909 F.2d 1057, 1058 (7th Cir.1990).

Under *Preiser v. Rodriguez,* a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. The court may not convert a § 1983 action into a habeas corpus action. *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir.1996); *Moore v. Pemberton,* 110 F.3d 22 (7th Cir.1997). If Mr. Reed prevails in an administrative appeal or a habeas action and achieves restoration of his good time credits, he may bring a § 1983 action seeking damages for any harm resulting from the violation of his due process rights and the loss of good time credits. *See; Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying the rationale of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) to prison disciplinary hearings). In *Heck v. Humphrey,* court held that if the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, then the § 1983

plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Finding that correctional officers wrote Mr. Reed up for charges of which he was innocent in retaliation for having filed grievances would require a finding that the CAB findings of guilt are invalid.

Mr. Reed also presents Eighth and Fourteenth Amendment claims that the defendants "refused to stop severe assaults and beatings, theft of meals and personal property." Mr. Reed asserts that he "suffered severe pain, lost [sic] of property, and permanent physical damages" as a result of the defendants' theft of personal property and failure to protect him from other inmates.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss of property meets the requirements of the due process clause by providing due process of law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Court extended the holding of *Parratt* to include intentional deprivations of property by state employees where the state provides a meaningful post-deprivation remedy for the loss. Indiana's tort claims act provides for state judicial review of property losses caused by state employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Hossman v. Spradlin,* 812 F.2d 1019 (7th Cir. 1987); *Wilson v. Civil Town of Clayton, Indiana,* 839 F.2d 375, 382 (7th Cir.1988). Because Indiana provides an adequate remedy for the illegal deprivation of prop-

erty by state officials, an allegation that WCF officials took Mr. Reed's personal property provides no right to recovery under § 1983.

█ Finally, Mr. Reed alleges that he was physically attacked by other inmates, that the attacks caused him serious physical injury, and that the defendants took no action to prevent him from being assaulted even though he had put them on notice of his problems. Under the standards set forth in *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), prison officials may be liable under the Eighth Amendment if they are deliberately indifferent to a prisoner's safety, allowing him to be harmed by other inmates, and giving, Mr. Reed the benefit of the inferences to which he is entitled at the pleadings stage, this portion of the complaint may state a claim upon which relief can be granted.

█ Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir.1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir.1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases; has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir.1993). The court will dismiss defendants Mark Newkirk, E. Janeen Stewart, C.B. Miller, Steve McCauley, and Edward Cohn because it appears from the complaint that they have no direct personal involvement in the claim that survived screening.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants in their individual capacities for damages and for injunctive and declaratory relief in their official capacities on his Eighth Amendment claim that they were are deliberately indifferent to his safety, allowing him to be harmed by other inmates;

(2) **DENIES** the plaintiff leave to proceed against the defendants on his Fourteenth Amendment due process claim arising from the loss of property and against defendants Mark Newkirk, E. Janeen Stewart, C.B. Miller, Steve McCauley, and Edward Cohn, and dismisses those claims and defendants from this case;

(3) **DENIES** the plaintiff leave to proceed against the defendants on his First and Fourteenth Amendment claims that the defendants retaliated against him by filing false disciplinary charges against him and that conviction of the false charges caused him to lose good time credits, without prejudice to his right to refile these claims if he is able to have the Conduct Adjustment Board's finding of guilt set aside;

(4) finds that the plaintiff has a reasonable opportunity to prevail on the merits on his Eighth Amendment claim and, pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Daniel McBride, Christine Bourn, Burda Franklin, N. Morales, Mr. Deutscher, Jerry Evers, Sergeant Barlow, Ken Watts, Sharon Hawk, D. Kintzele, and Sergeant Hooker respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(5) **DIRECTS** the marshals service to effect service of process on defendants Daniel McBride, Christine Bourn, Burda Franklin, N. Morales, Mr. Deutscher, Jerry Evers, Sergeant Barlow, Ken Watts, Sharon Hawk, D. Kintzele, and Sergeant Hooker on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on those defendants along with the summons and complaint.

**SO ORDERED.**