Eric D. SMITH, Appellant–Plaintiff,

v.

Sgt. THOMPSON, DHB, and Barry Holder, Appellees–Defendants.

No. 33A01–0905–CV–214.

Court of Appeals of Indiana.

Aug. 3, 2009.

Eric D. Smith, New Castle, IN, Appellant Pro Se.

## OPINION

ROBB, Judge.

### Case Summary and Issue

Eric Smith, an inmate at the New Castle Correctional Facility, appeals pro se the trial court's dismissal of his complaint as frivolous pursuant to Indiana Code section 34–58–1–2. For our review, Smith raises a single issue, whether the trial court improperly dismissed his complaint as frivolous. Concluding that Smith's claim is sufficient to withstand the initial screening of the statute with respect to Thompson but not Holder, we affirm in part, reverse in part, and remand.

### Facts and Procedural History

On February 13, 2009, Smith filed a complaint in the trial court against Jeff Wrigley and David Ittenbach alleging deprivation of his rights under the Eighth Amendment to the United States Constitution. The trial court dismissed Smith's complaint as frivolous.[1] As a result of the dismissal, the Department of Correction ("DOC") charged Smith with a disciplinary rule violation for filing a frivolous claim. A disciplinary hearing was held with Sergeant Thompson serving as the sole hearing member. Thompson found Smith guilty of the charge. Smith administratively appealed the decision, and Barry Holder, acting for Superintendent Jeff Wrigley, denied the appeal.

Smith filed a complaint on March 24, 2009, alleging that Thompson and Holder

---

1. This court reversed the trial court's dismissal and reinstated Smith's complaint. *See Smith v. Wrigley,* 908 N.E.2d 354 (Ind.Ct.App. 2009). As a result, we acknowledge that Smith's underlying complaint in this case may be moot due to the possibility that the DOC has since dismissed the disciplinary action. However, because we do not know the status of Smith's complaint, we proceed to address the merits of this case.

denied his due process rights under the Fourteenth Amendment to the United States Constitution. Smith alleges that Thompson conducted the disciplinary hearing alone in violation of "DOC policy No. 02–04–101, Section VIIB" that requires three hearing board members. Appellant's Appendix at 19. Smith's complaint also alleges that Thompson excluded him from the hearing and continued the hearing in Smith's absence. With respect to Holder, Smith's complaint alleges simply that Holder was indifferent to Smith's claims on appeal.

The trial court dismissed Smith's complaint as frivolous pursuant to Indiana Code section 34–58–1–2. The trial court found *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505 (Ind.2005), dispositive in that Smith could not seek review of DOC disciplinary decisions in state court and therefore determined it lacked subject matter jurisdiction over the claims. Smith now appeals.

### Discussion and Decision

### I. Standard of Review

In reviewing the dismissal of an offender's claim pursuant to Indiana Code section 34–58–1–2, we employ a de novo standard of review. *Smith v. Maximum Control Facility,* 850 N.E.2d 476, 479 (Ind. Ct.App.2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition and determine whether the complaint contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

### II. Due Process Claims

Initially, we point out the trial court was correct that inmates have no private right of action to challenge disciplinary decisions made by the DOC. *Blanck,* 829 N.E.2d at 510. However, prisoners retain due process rights with respect to disciplinary actions taken against them. *See Riner v. Raines,* 274 Ind. 113, 116, 409 N.E.2d 575, 577 (1980). These rights include "[f]air written notice of charges and a hearing before an impartial institutional decision maker with a fair opportunity for refutation, confrontation, and lay representation, . . . a written statement of the conclusion and the evidence relied on made available to the inmate, and administrative review. . . ." *Id.*

With respect to Thompson, Smith alleges two violations of his due process rights. First, he alleges the hearing was conducted by a single member in violation of a DOC rule requiring three members. Smith specifically cites DOC policy number 02–04–101, Section VIIB in his complaint. Because the trial court dismissed Smith's complaint ab initio, the State never filed an answer nor did the State take part in this appeal. Absent any information to the contrary, we must accept as true the well-pleaded facts in Smith's complaint, *Abdul–Wadood v. Batchelor,* 865 N.E.2d 621, 623 (Ind.Ct.App.2007); as a result, we must assume that the hearing was conducted in violation of DOC policy. In addition, Smith's exclusion from the hearing, if true, could constitute a violation of his basic due process rights. *See Riner,* 274 Ind. at 116, 409 N.E.2d at 577.

We agree with another panel of this court that "[g]iven Smith's penchant for litigation, we acknowledge the very real possibility that his claims in this case are completely false or at least exaggerations of the truth." *Smith,* 908 N.E.2d at 359. Smith has more than fifty cause numbers listed under his name on our Online Docket, and he shows no intention of restraining his hair trigger to file lawsuits against prison officials. Nonetheless, "a complaint should not be dismissed as frivolous 'simply because the court finds

the plaintiff's allegations unlikely.'" *Id.* (quoting *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). While Smith's complaint may turn out to be baseless, it is not clearly baseless on its face, and it is sufficient to survive the screening of the statute with respect to Thompson. Therefore, we reverse the trial court's dismissal of Smith's complaint against Thompson and remand for further proceedings in light of this opinion.

■ With respect to Holder, however, Smith makes no factual allegations of a deprivation of due process except that Holder was indifferent to his appeal. We agree with the trial court's characterization of Smith's complaint with respect to Holder as an attempt to appeal a disciplinary decision. As already mentioned above, state courts may not review a disciplinary decision made by the DOC. *Blanck,* 829 N.E.2d at 510. Therefore, we affirm the trial court's dismissal of Smith's complaint against Holder.

### Conclusion

Smith's complaint is sufficient to survive screening under Indiana Code section 34–58–1–2 with respect to his claims against Thompson. Therefore, the trial court improperly dismissed his complaint against Thompson. However, Smith states no claim for which relief may be granted with respect to Holder, and the trial court properly dismissed his complaint against Holder.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and BAILEY, J., concur.