**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 29 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOSEPH A. TAYLOR**
Pendleton, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| JOSEPH A. TAYLOR, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1110-PL-993 |
| | ) | |
| SGT. RINEHART, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

---

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle III, Judge
Cause No. 48C01-1110-PL-104

---

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE[1]

Joseph Taylor, an inmate at the Pendleton Correction Facility ("the prison"), appeals the trial court's dismissal of his complaint pursuant to the screening procedure of Indiana Code Section 34-58-1-2. Taylor raises a single issue for our review, which we restate as whether the trial court erred when it dismissed his complaint. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 17, 2011, Taylor filed his complaint against "Sgt. Rinehart."[2] Appellant's App. at 4. In relevant part, Taylor alleged that the prison's disciplinary procedures denied him certain statutory and constitutional rights. The trial court dismissed Taylor's complaint pursuant to the screening procedure of Indiana Code Section 34-58-1-2 and Zimmerman v. State, 750 N.E.2d 337 (Ind. 2001). This appeal ensued.

## DISCUSSION AND DECISION

Indiana Trial Rule 12(B)(6) subjects to dismissal complaints that "fail[] to state a claim up which relief can be granted." It was on this basis that the trial court dismissed Taylor's complaint and, on appeal, Taylor recites our standard of review under Rule 12(B)(6). But this is not a Rule 12(B)(6) appeal. Rather, Taylor's complaint calls into question the jurisdiction of Indiana's courts to hear the subject matter of his claims. Blanck v. Ind. Dep't of Corr., 829 N.E.2d 505, 508 (Ind. 2005). "Resolution of the

---

[1] The trial court dismissed Taylor's complaint pursuant to the screening procedure of Indiana Code Section 34-58-1-2. Because the court dismissed Taylor's complaint, there were no respondents and, as a result, no appellees. This fact is underscored by the Attorney General's filing of its notice of non-involvement.

[2] Sergeant Rinehart's full name is not disclosed.

2

subject matter jurisdiction issue involves determining whether the claim advanced falls within the general scope of authority conferred upon the court by constitution or statute." Id. Where, as here, the facts are not in dispute, we review whether the trial court has subject matter jurisdiction de novo. See Bellows v. Bd. of Comm'rs of Cnty. of Elkhart, 926 N.E.2d 96, 111 (Ind. Ct. App. 2010).

In Zimmerman, relied upon by the trial court, our supreme court reaffirmed established Indiana law that there is no right to judicial review of prison disciplinary actions in an Indiana court. 750 N.E.2d at 338. Specifically, the court stated:

> In Hasty [v. Broglin, 531 N.E.2d 200 (Ind. 1988)], this Court declared:
>
>> Neither Indiana statutes nor common law rules establish Hasty's right to judicial review of prison disciplinary action. Absent statutory authorization, Indiana courts have declined to review a decision of a penal institution to take away an inmate's good-time credit for a prison infraction. Riner [v. Raines], 274 Ind. [113], 115, 409 N.E.2d [575], 577 [(1980)]. The current system of administrative review by policy makers and executive officers within the correction department establishes a fair procedure to resolve disputes, one adequate under due process.
>
> Hasty, 531 N.E.2d at 201. In Riner, we expressly held that there is "no constitutionally protected right to judicial review of the decisions of fact-finding and appellate tribunals presently conducting disciplinary proceedings within the prison system." 274 Ind. at 118-19, 409 N.E.2d at 579.
>
> In the eleven years since Hasty, the Indiana General Assembly has not enacted any statutory authorization providing for the judicial review of a disciplinary decision of a penal institution. Regardless of the procedural vehicle employed—whether mandate to compel compliance with statute or direct judicial review of a prison disciplinary decision—Zimmerman is seeking judicial intervention in the disciplinary actions of the Department of Correction. We decline to retreat from the principles and policies reflected in Hasty and Riner. The relief sought is not available in Indiana courts.

3

Id. (some alterations original).

In Blanck, our supreme court went further, declaring that Indiana's courts are without subject matter jurisdiction to review an offender's complaint if that complaint is based on Indiana Code Section 11-11-5-5, among other statutes. 829 N.E.2d at 509-10. Indiana Code Section 11-11-5-5(a) provides in relevant part:

> Before imposing any disciplinary action, the department shall afford the person charged with misconduct a hearing to determine his guilt or innocence and, if guilty, the appropriate action. The charged person may waive his right to a hearing. . . . In connection with the hearing, the person is entitled to:
>
> (1) have not less than twenty-four (24) hours advance written notice of the date, time, and place of the hearing, and of the alleged misconduct, and the rule the misconduct is alleged to have violated;
>
> * * *
>
> (8) have a written statement of the findings of fact, the evidence relied upon, and the reasons for the action taken;
>
> * * *
>
> Any finding of guilt must be supported by a preponderance of the evidence presented at the hearing.

In concluding that Section 11-11-5-5 does not confer subject matter jurisdiction on Indiana's courts, our supreme court held that:

> While each of these statutes imposes certain duties on the DOC and, we assume, confers substantive rights on inmates, none of them contains any provision suggesting that inmates have a right to enforce any such rights in court. . . .
>
> * * *
>
> We further conclude that whatever doubt the statutes may leave as to whether inmate discipline decisions are subject to judicial review is

4

resolved in the negative because of the long period of legislative acquiescence to our decisions to that effect. As noted above, these decisions date back to <u>Riner</u> and <u>Adams [v. Duckworth</u>, 274 Ind. 503, 412 N.E.2d 789 (1980)] in 1980. . . .

We hold that none of the prison discipline statutes cited confer subject matter jurisdiction over claims challenging judicial review of prison disciplinary decisions.

<u>Blanck</u>, 829 N.E.2d 509-10.

In his complaint, Taylor alleged that the following errors occurred during the course of the prison's disciplinary process: he was not provided with timely written notice of the alleged misconduct or of the rule the misconduct was alleged to have violated; he was not provided with a written statement of the findings of fact, the evidence relied upon, and the reasons for the action taken; and the prison's determination was not supported by a preponderance of the evidence. Appellant's App. at 12-15. Taylor's allegations mirror and expressly rely on Indiana Code Section 11-11-5-5(a). As stated in <u>Blanck</u>, Indiana's courts are without subject matter jurisdiction to review such claims. 829 N.E.2d 509-10.

Nonetheless, in support of his appeal Taylor cites and relies on <u>Smith v. Sgt. Thompson</u>, 910 N.E.2d 260 (Ind. Ct. App. 2009). In <u>Smith</u>, an inmate claimed that he had been denied his due process rights when he was excluded from his disciplinary hearing and when the hearing was conducted by a single member instead of three, in violation of the rules of the Department of Correction. We held that his complaint stated a claim upon which relief could be granted. <u>Smith</u>, 910 N.E.2d at 262.

<u>Smith</u> is inapposite here. <u>Smith</u> addresses only Rule 12(B)(6) and federal constitutional law. It does not discuss our subject matter jurisdiction, Indiana Code 11-

11-5-5 or Rule 12(B)(1).  Accordingly, we decline Taylor's invitation to follow <u>Smith</u> and ignore <u>Blanck</u>.  We hold that the trial court was without subject matter jurisdiction over Taylor's complaint and affirm the trial court's dismissal of the complaint.

Affirmed.

RILEY, J., and DARDEN, J., concur.