**AETNA CASUALTY AND SURETY COMPANY, Appellant-Defendant and Third-Party Plaintiff,**

v.

**Gene Tom DALSON and Janelle D. Dalson; and A & M Corporation, Appellees-Plaintiffs and Third-Party Defendant.**

**No. 1–1280A334.**

Court of Appeals of Indiana, First District.

June 11, 1981.

James R. Fisher, Joseph A. Schenk, Ice, Miller, Donadio & Ryan, Indianapolis, for appellant-defendant and third-party plaintiff.

RATLIFF, Judge.

### STATEMENT OF CASE

Aetna Casualty and Surety Company (Aetna) appeals from an order compelling arbitration. We reverse.

### FACTS

Janelle Dalson, a minor, was involved in an automobile accident while driving a motor vehicle owned by her father, Gene Tom Dalson. Dalsons recovered judgments totalling $21,250 in a suit against Alice A. Piper, an uninsured motorist involved in the accident. Having obtained an affidavit from Ms. Piper that she was uninsured at the time of the accident and without means to pay for the damages, Dalsons contacted Aetna and demanded payment under the uninsured motorist provisions of the insurance policy issued by Aetna to Gene Tom Dalson. Aetna acknowledged the potential claim but refused to be bound by a judgment of which it claimed no prior knowledge. Aetna filed a written demand for arbitration under the following policy provision:

> "If any person making claim under the Uninsured Motorists Coverage and Aetna Casualty do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the Insured, or do not agree as to the

amount of payment which may be owing thereunder, then upon written demand of either, the matter or matters upon which such person and Aetna Casualty do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Aetna Casualty each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph."

The Dalsons filed suit to enforce the Piper judgment against Aetna and obtained a Stay of Arbitration pending trial of their civil complaint. Judgment was entered in favor of Aetna upon Dalsons' complaint, holding that Aetna had received no notice of the suit against the uninsured motorist and therefore could not be bound by the judgment entered in the action. Nevertheless, the court vacated its order to . stay arbitration and ordered the matter to proceed to arbitration. Dalsons then filed a Motion for Leave to Amend Complaint or in the Alternative to Compel Arbitration. Aetna countered that Dalsons had dismissed arbitration proceedings during the course of litigation. The court denied Dalson's Motion for Leave to Amend its Complaint but sustained its Motion to Compel Arbitration and issued an order to compel arbitration immediately. It is from this order that Aetna appeals.

## ISSUE

Did the trial court err in compelling arbitration?

## DISCUSSION AND DECISION

■ We note initially that Dalsons have not filed an appellee's brief in this case. When an appellee fails to file a brief, an appellant may prevail by making a *prima facie* showing of reversible error. *Constanzi v. Ryan*, (1978) Ind.App., 370 N.E.2d 1333.

Aetna acknowledges the existence and validity of an arbitration provision which it felt was binding on both parties and by which means it sought initially to resolve the disputed claim involving the uninsured motorist. Nevertheless, Aetna argues that Dalsons positively and unconditionally waived or revoked their agreement with Aetna to arbitrate and as evidence thereof offers a series of letters between its attorney and the Tribunal Administrator for the American Arbitration Association to show that Dalsons' attorney dismissed arbitration with prejudice during the course of litigation.

■ Indiana law recognizes that arbitration provisions may be made valid and enforceable by parties to a contract, and as in the case of other contract provisions, may be waived by the parties. *Kendrick Memorial Hospital, Inc. v. Totten*, (1980) Ind.App., 408 N.E.2d 130; *Shahan v. Brinegar*, (1979) Ind.App., 390 N.E.2d 1036. This court has held that waiver is a question of fact to be determined after consideration of all the circumstances surrounding a particular case. *Kendrick Memorial Hospital, Inc. v. Totten, supra*. Nevertheless, Judge Lybrook has stated that a waiver of an arbitration provision will be found where parties "fail to request arbitration and the issues sought to be determined by arbitration have been fully litigated before a court of competent jurisdiction." *Shahan v. Brinegar, supra*, 390 N.E.2d at 1041. He explained that the purpose of arbitration is to determine disputed matters without having to undertake often costly and ponderous judicial proceedings and that when the latter have already determined these matters, an order to arbitrate those same issues is no longer appropriate. *Id.* We agree.

■ In the instant case Aetna demanded arbitration pursuant to the contract provision, but the Dalsons actively resisted the demand, insisting upon their legal remedy, and only now seek to assert their contractual right to arbitration. Yet no challenge has been raised to the trial court's conclusions that Aetna received no notice of the litigation between Dalsons and Piper or that Aetna was not bound by the judgment entered in that action. Where the disputed issues, *viz.*, the nature and extent of Aet-

na's liability under the uninsured motorist provision of the insurance contract, have already been determined by a court of competent jurisdiction, there are no further purposes to be served by arbitration, and an order to arbitrate those same issues should not follow. We find that the trial court erred in issuing its order to compel arbitration, and therefore we reverse.

Judgment reversed.

NEAL, P. J., and ROBERTSON, J., concur.