ROBERTSON and SHIELDS (by designation), JJ., concur.

Robert UNDERWOOD and Harry Van Der Noord, d/b/a Underwood and Van Der Noord Builders, Appellants (Plaintiffs Below),

v.

Ronald L. DONAHUE and Gladys L. Donahue, Appellees (Defendants Below).

No. 3–381A65.

Court of Appeals of Indiana, Third District.

July 27, 1981.

E. Duane Daugherty, Nesbitt, Fisher, Daugherty & Nesbitt, Rensselaer, for appellants (plaintiffs below).

STATON, Judge.

Robert Underwood and Harry Van Der Noord, doing business as Underwood and Van Der Noord Builders, (hereafter referred to as Underwood) appeal the denial of their motion for Summary Judgment and the judgment rendered in their bench trial. Underwood argues that:

(1) the trial court erred in denying the motion for Summary Judgment because there existed no genuine issue of material fact on part of the issues before the court.

(2) the judgment rendered in the bench trial was based upon an affirmative defense which was not pleaded before trial as required by our trial rules.

Our determination of the first issue precludes our consideration of the second. We reverse.

Underwood leased an apartment for one year to Ronald L. and Gladys L. Donahue (Donahue). Approximately three months later, Underwood filed a complaint alleg-

ing [1] (1) Underwood had leased Donahue an apartment for one year (2) Donahue had abandoned the apartment after two-months occupancy (3) the full amount of rent for the term of the lease was now due (4) Donahue had damaged the apartment in the amount of $375.00, less the security deposit paid in the amount of $330.00. Underwood asked for $2,995.00 plus costs. Donahue admitted paragraph one of the complaint and denied paragraphs two, three, and four.

After interrogatories were asked and answered, Underwood submitted a Request for Admissions pursuant to Ind.Rules of Procedure, Trial Rule 36. The trial court ordered Donahue to respond in thirty days. Donahue had not responded when Underwood filed a motion for Summary Judgment four months later. The trial court heard arguments on the motion for Summary Judgment and denied Summary Judgment.

Underwood argues that the matters in the Request for Admissions were admitted by Donahue when Donahue failed to submit a written answer or objection to the matters. He further argues that these admissions, the complaint, answer, interrogatories and answers to interrogatories were the only evidence before the trial court. With this evidence before the court, he concludes that it was error for the trial court to deny his motion for Summary Judgment.

■ Donahue has failed to supply this Court with an appellees' brief. When the appellee (Donahue) fails to file a brief, we may reverse if the appellant (Underwood) makes a *prima facie* showing of reversible error. *Aetna Casualty and Surety Co. v. Dalson* (1981), Ind.App., 421 N.E.2d 691; *Collins v. Gilbreath* (1980), Ind.App., 403 N.E.2d 921, 922.

Trial Rule 36 states in part:

"(A) Request for Admission

\*　　\*　　\*　　\*　　\*　　\*

"Each matter of which an admission is requested shall be separately set forth.

---

1. The complaint has been condensed.

*The matter is admitted unless*, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, *the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.* If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as true and qualify or deny the remainder.

&ast; &ast; &ast; &ast; &ast; &ast;

"(B) Effect of admission. *Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under "this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding." (emphasis added)

■ The requested Admissions that Donahue failed to answer or object to are as follows:

(1) the lease attached to the complaint is genuine

(2) the signatures of Donahue and Underwood's agent on the lease are genuine

(3) Donahue leased the apartment for one year

(4) Donahue had paid a damage deposit of $330 and had paid $590 rent

(5) Donahue abandoned the premises on or about January 1, 1979

They are conclusively established since the record [2] contains no answer, objection, withdrawal, or amendment of these admissions. TR. 36. Underwood's motion for Summary Judgment on these issues should have been granted. The only issues the trial court should have considered was the amount of money Donahue owed Underwood for abandoning the apartment and for the damage to the apartment. The issue of whether Donahue abandoned the apartment or was constructively evicted should have been foreclosed.

The trial court found that the cost of refurbishing the apartment was $358 and that court costs were $32.00. This finding stands; however, the court's finding that Underwood constructively breached the lease so as to excuse Donahue from continuing in occupancy until the expiration date of the lease can not stand as this issue was not available for further litigation. The trial court is ordered to determine the amount owing Underwood for the remaining term of the lease.

Affirmed in part, reversed and remanded in part with an instruction.

HOFFMAN, P. J., and GARRARD, J., concur.

---

2. The record is certified as being a "full, true, correct and complete record."