**STATE of Indiana and Indiana Department of Highways, Defendants-Appellants,**

v.

**Ralph SCHUETTER, Jr., Plaintiff-Appellee,**

**Carolyn Faulkenburg, Defendant-Appellee.**

**No. 19A01-8609-CV-250.**

Court of Appeals of Indiana, First District.

Jan. 27, 1987.

Linley E. Pearson, Atty. Gen., G. Richard Potter, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for defendants-appellants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State of Indiana and Indiana Department of Highways, by interlocutory order, appeals the trial court's denial of its motion to dismiss it from a tort claim action brought pursuant to the Indiana Comparative Fault Act. We affirm.

## FACTS

On August 30, 1985, Tracey Schuetter was driving the truck of her father, Ralph Schuetter, Jr., along U.S. 231 when a collision occurred at the intersection of 13th Street between the Schuetter vehicle and one driven by Carolyn Faulkenburg. The Schuetter truck sustained extensive damage as a result of the collision.

Schuetter filed a claim against Faulkenburg alleging negligence in failing to yield the right of way. Faulkenburg's answer asserted that the State of Indiana, a nonparty, was in whole or in part responsible for the damages due to the State's failure to keep the roadway clear of sand and debris and failure to provide the motoring public with an adequate access onto a state highway. Thereafter, Schuetter amended his complaint to include the State and the Indiana Department of Highways (hereinafter referred to collectively as the State). The State filed an answer and motions to dismiss and, in the alternative, for a separate trial. The trial court granted the State's motion for separate trial but denied its motion to dismiss. Thereafter, the State perfected this interlocutory appeal.

## ISSUES

1. Whether the trial court erred in denying the State's motion to dismiss the

governmental defendants in a tort claim action involving the Comparative Fault Act.

2. Whether the trial court's granting of separate trials between Schuetter and Faulkenburg and the State resolves the dilemma imposed by the restrictions of Indiana Code section 34–4–33–8 or whether two separate and distinct actions by Schuetter against the governmental and non-governmental defendants are required in a civil tort action involving the Indiana Comparative Fault Act.

## DISCUSSION AND DECISION

■ It must be noted at the outset that neither Schuetter nor Faulkenburg have submitted appellate briefs. Where an appellee fails to submit a brief, an appellant may prevail by making a *prima facie* showing of reversible error. *Communications Workers of America v. Drake* (1986), Ind.App., 487 N.E.2d 821, 823; *Aetna Casualty and Surety Co. v. Dalson* (1981), Ind.App., 421 N.E.2d 691, 692. Thus, the State need demonstrate only *prima facie* error on the trial court's part to win reversal in this matter.

### Issue One

The State argues that the trial court erred in denying its motion to dismiss because the court lacked subject matter and personal jurisdiction and Schuetter had failed to state a viable claim upon which relief could be granted. This is based on the State's assertion that Indiana's Comparative Fault Act, Indiana Code section 34–4–33–1, *et seq.*, is inapplicable to governmental entities. Section eight of the Act states: "This chapter does not apply in any manner to tort claims against governmental entities or public employees under IC 34–4–16.5." Indiana Code section 34–4–33–8 (Burns 1986). The State asserts that because two separate sets of rules and defenses will apply to the defendants,[1] the trial court lacks the jurisdiction to address the issues under the guise of one action.

Thus, the gist of the State's argument is that since the Comparative Fault Act is inapplicable to governmental entities, two separate and different actions, one against Faulkenburg and one against the State, should have been brought in order to apply the different laws applicable to each party.

■ While we agree with the State's contention that it is excepted from the Comparative Fault Act, we do not find that this necessitates bringing a separate cause of action. On the contrary, what the State fails to grasp is that the underlying cause of action, which remains the same here regardless of which defendant the court is dealing with, is a negligence action. The difference lies only in which defenses are available to the defendants, and, of course, in the type of instructions later given to the jury.

■■ The only relevant inquiry in determining whether any court has subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute. *State ex rel. Young v. Noble Cir. Court* (1975), 263 Ind. 353, 356, 332 N.E.2d 99, 101; *Suyemasa v. Myers* (1981), Ind.App., 420 N.E.2d 1334, 1339. In addition, where a defendant attacks the jurisdiction over his person, he bears the burden of proof upon that issue unless the lack of jurisdiction is apparent upon the face of the complaint. *Suyemasa*, at 1340. The DuBois Superior Court, one of general jurisdiction, has jurisdiction over the present case. Indiana Code sections 33–4–4–3, 33–5–12.5–3 (Burns 1985).

Moreover, as trial rule 19(F) requires, governmental organizations shall be joined as parties to litigation where the joinder is needed for just adjudication of an action. Indiana Rules of Procedure, Trial Rule 19(F). As one commentator has noted, while section eight of the Comparative Fault Act exempts claims against govern-

---

**1.** More specifically the Comparative Fault Act will apply to Faulkenburg whereas Indiana's

Tort Claims Act applies to the State.

mental entities, "[n]othing in the Act ... prohibits joinder of governmental entities with nongovernmental entities." E. Bay-liff, *Drafting and Legislative History of the Comparative Fault Act*, 17 Ind.L.Rev. 863, 870 (1984). Though this, and section eight of the Act generally, will undoubtedly lead to further complications which must be sorted out by the trial court, *see* L. Wilkins, *The Indiana Comparative Fault Act at First (Lingering) Glance*, 17 Ind.L. Rev. 687, 729–732 (1984), these questions are not now before us. The State's argument concerning lack of jurisdiction is without merit and the fact that the State is exempt from application of the Comparative Fault Act does not necessitate the bringing of a separate action. Therefore, the trial court did not err in denying the State's motion to dismiss.

*Issue Two*

The State further argues that the granting of separate trials was an insufficient remedy and that the trial court should have ordered two separate causes of action. The State supports this assertion with the same argument presented in the first issue; the State argues that its exemption from the Comparative Fault Act precludes the court from hearing one action involving both governmental and non-governmental parties. As we detailed above, and need not repeat specifically here, the State misunderstands the underlying issue involved and the trial court may deal with this case as one cause of action.

■ A trial court is granted a wide degree of latitude in exercising its proper discretion in the granting of a motion for separation of trials and will be reversed only for abuse of that discretion. Indiana Rules of Procedure, Trial Rule 42(B); *Farm Bureau Ins. Co. v. Crabtree* (1984), Ind.App., 467 N.E.2d 1220, 1223, *trans. denied.* Furthermore, it must be pointed out that the State is the party which moved for separate trials and cannot now be heard to complain about relief which it requested. *Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 527, 104 N.E.2d 669, 670; *Gray v. Gray* (1931), 202 Ind. 485, 492, 176 N.E.

105, 107. The State has failed to demonstrate any abuse of discretion on the part of the trial court and, therefore, the trial court did not err in ordering separate trials of this matter.

Judgment affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.