William J. KIMREY and David S. Healey, Appellants–Plaintiffs,

v.

J. David DONAHUE, Indiana Department of Correction, Stanley Knight, and Pendleton Correctional Facility, Appellees–Defendants.

No. 48A02–0603–CV–261.

Court of Appeals of Indiana.

Feb. 15, 2007.

William J. Kimrey, David S. Healey, Pendleton, IN, Appellants Pro Se.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellants, William J. Kimrey and David S. Healey ("the Claimants"), challenge the trial court's dismissal of their complaint against Appellees, J. David Donahue, the Indiana Department of Correction, Stanley Knight, and the Pendleton Correctional Facility (collectively "the IDOC").

We affirm.

The Claimants are both inmates at the Department of Correction's Pendleton Correctional Facility. On July 18, 2005, the Claimants filed a complaint alleging that the IDOC has in place an administrative procedure[1] which they contend violates their rights as set forth in Indiana Code § 11–11–3–6 (Burns Code Ed. Repl. 2003).[2] (A–2, 6) As their claim for relief,

1. At issue is IDOC Administrative Procedure # 02–01–103 Chapt. XV Sec. G., which, according to the Claimants' complaint, provides in part that "all printed matter containing any type of sexual conduct (as defined by I.C. § 35–49–1–9) shall be considered a threat to the security of the facility and are [sic] therefore considered prohibited property." Appendix at 7. It is unclear if or how the Claimants have been affected by the procedure because they do not aver that the IDOC's enforcement of the procedure has deprived them of printed material which they claim they would otherwise be permitted to receive under the express language of Indiana Code § 11–11–3–6 (Burns Code Ed. Repl.2003).

2. Indiana Code § 11–11–3–6 provides as follows:

   "(a) A confined person may acquire and possess printed matter on any subject, from any source. However, unless a confined person or the sender receives prior approval from the superintendent for the confined person to receive a book, magazine, newspaper, or other periodical from another source, a confined person may receive a book, magazine, newspaper, or other periodical only if it is mailed to the confined person directly from the publisher, distributor, or an accredited institution of higher learning. The department may inspect all printed matter and exclude any material that is contraband or prohibited property. *However, in the case of a confined adult, the department may not exclude printed matter on the grounds it is obscene or pornographic unless it is obscene under Indiana law.* A periodical may be excluded only on an issue by issue basis. Printed matter obtained at cost to the confined person must be prepaid.

   (b) If the department withholds printed matter, it must promptly notify the confined person. The notice must be in writing and include the title of the matter, the date the matter was received at the facility or program, the name of the person who made the decision, whether the matter is objec-

the Claimants requested a judgment ordering the IDOC to revise the challenged administrative procedure to provide for the rights conferred by I.C. § 11–11–3–6. On October 11, 2005, the IDOC filed a motion to dismiss the Claimants' complaint pursuant to Indiana Trial Rule 12(B)(1), lack of subjection matter jurisdiction, and Trial Rule 12(B)(6), failure to state a claim upon which relief may be granted. The Claimants filed their response on January 6, 2006. On January 27, 2006, the trial court dismissed the Claimants' complaint, stating:

> "The Court finds that it has no subject-matter jurisdiction over [the Claimants'] claim. [Claimants] do not have a private right of action under the statute they seek to enforce, and they would not be entitled to relief under any set of facts. [Claimants] have failed to state a claim upon which relief can be granted." Appendix at 5.

The Claimants filed their notice of appeal on February 27, 2006. We now consider whether and upon what grounds dismissal of the Claimants' complaint was proper.

In *Ratliff v. Cohn*, 693 N.E.2d 530, 548 (Ind.1998), our Supreme Court rejected an argument that because the Administrative Orders and Procedures Act ("AOPA") expressly exempts certain administrative decisions made by the Department of Correction from judicial review,[3] courts lack the power of judicial review over an inmate's complaint in which the inmate alleged constitutional violations. In *Montgomery v. Indiana Department of Correction*, 794 N.E.2d 1124, 1127 (Ind.Ct.App. 2003), *trans. denied,* this court extended this principle in reversing the dismissal of

an inmate's complaint alleging a violation of statutory rights, concluding that "[t]he statute exempting certain DOC actions from the AOPA does not divest the judiciary of subject-matter jurisdiction over alleged violations of ... *statutory* and constitutional rights." (Emphasis supplied).

The state of the law in these types of matters was most recently addressed in *Blanck v. Indiana Department of Correction*, 829 N.E.2d 505 (Ind.2005). In that case, Blanck, an inmate in Indiana's prison system, filed a complaint challenging the discipline imposed upon him by the IDOC as being in violation of certain statutory rights. *Id.* at 507. The trial court dismissed Blanck's complaint for failure to state a claim upon which relief could be granted. *Id.* at 507–08. Upon review, the Supreme Court considered the five statutory provisions which Blanck contended afforded him a right of judicial review. The Court noted that "[w]hile each of these statutes imposes certain duties on the DOC and, we assume, confers substantive rights on inmates, none of them contains any provision suggesting that inmates have a right to enforce any such rights in court." *Id.* at 509.

Finding no express right of action to seek enforcement of the statutes, the Court then considered whether the legislature intended that a private right of action be implied from the statutes or elsewhere in the law. Looking to the AOPA and noting that it specifically excluded from the AOPA's application "any agency action related to an offender within the jurisdic-

---

tionable in whole or in part, the reason for the decision, and the fact that the department's action may be challenged through the grievance procedure." (Emphasis supplied).

3. *See* Ind.Code § 4–21.5–2–5 (providing that the AOPA "does not apply to ... [a]n agency action related to an offender within the jurisdiction of the department of correction").

tion of the department of correction,"[4] the Court concluded that "the clear intent of the Legislature ... is to deny to inmates charged with or found guilty of misconduct ... judicial review." *Id.* at 510. The Court buttressed its conclusion by noting the legislature's acquiescence to long-standing precedent dating back to 1980 which precludes judicial review of prison disciplinary actions. Based upon the foregoing, the majority of the Court therefore concluded that the trial court lacked subject matter jurisdiction over Blanck's claims and thus, dismissal was appropriate under Indiana Trial Rule 12(B)(1).[5]

The majority aptly noted its prior decision in *Ratliff,* wherein it rejected the argument that the AOPA barred an inmate's claim, but concluded that the claim asserted in *Ratliff* was "of a fundamentally different character than Blanck's" in that in *Ratliff* the inmate presented claims alleging violations of the State constitution. *Id.* at 510–11. The Court summarily held that the holding in *Ratliff* was not applicable to prison discipline or misconduct cases. *Id.*

While an argument could be made that the *Blanck* decision is limited to prison discipline matters, we think that the

*Blanck* Court's analysis has broader application to review of complaints brought by inmates of the Department of Correction seeking to enforce asserted statutory "rights," such as in the case before us.[6] We garner from the *Blanck* decision that trial courts lack subject matter jurisdiction over such complaints unless an explicit private right of action is afforded by statute or an allegation is made that constitutional rights are being violated. Here, the Claimants allege no constitutional violations; thus, in order for the trial court to have the power to review their complaint, the Claimants must have been given an explicit private right of action to enforce I.C. § 11–11–3–6.

In determining whether an individual has a right to a private cause of action for the violation of a statute, we look to legislative intent. *City of Muncie v. Peters,* 709 N.E.2d 50, 56 (Ind.Ct.App. 1999), *trans. denied.* We have consistently held that where the legislature expressly provides for enforcement of a statute by means other than a private right of action, a private right of action will not be found. *See Estate of Cullop v. State,* 821 N.E.2d 403, 408 (Ind.Ct.App.2005), *reh'g denied.*

---

**4.** *See* footnote 3, *supra.*

**5.** Justices Boehm and Rucker concurred in the majority's conclusion that the legislature did not intend to create a private cause of action under the statutory provisions cited by Blanck, but would have held that Blanck's complaint should have been dismissed pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted.

**6.** The Court's holding would therefore seem to impliedly overrule this court's decision in *Montgomery, supra,* wherein this court in its analysis simply extended the Supreme Court's rationale in *Ratliff* with respect to the inapplicability of the AOPA as a means of obtaining judicial review to *statutory* claims brought against the Department of Correction by of-

fenders within its jurisdiction. The *Montgomery* court concluded that the trial court improperly dismissed the inmate's statutory challenge for lack of subject matter jurisdiction.

In light of the *Blanck* Court's holding that the judiciary lacks subject matter jurisdiction to review statutory matters if no private cause of action is provided, either expressly or impliedly, we question the precedential value of cases which have determined that when a private right of action is not available, dismissal is appropriate under Trial Rule 12(B)(6) for failure to state a claim upon which relief may be granted, rather than Trial Rule 12(B)(1). *See, e.g., Stulajter v. Harrah's Indiana Corp.,* 808 N.E.2d 746 (Ind.Ct.App. 2004); *Americanos v. State,* 728 N.E.2d 895 (Ind.Ct.App.2000), *trans. denied.*

Here, the Claimants seek to enforce the "rights" conferred upon them by the legislature under I.C. § 11–11–3–6 by challenging a procedure implemented by the IDOC which they contend violates their statutory rights. As was the case in *Blanck,* there is nothing in I.C. § 11–11–3–6 which suggests that inmates have a right to enforce the "rights" conferred thereby in court. Indeed, in subsection (b) of I.C. § 11–11–3–6, the legislature provided that if the Department of Correction withholds printed matter in accordance with subsection (a) of the statute, such action may be challenged through the grievance procedure.[7] The clear intent of the legislature is that an inmate who seeks to enforce the rights conferred by I.C. § 11–11–3–6 must do so through the prison system's grievance procedure, not by way of the courts. If the legislature intended to provide for a private right of action to enforce I.C. § 11–11–3–6, it could have explicitly done so.

Further, we would note the longstanding principle that the judiciary is constrained from interfering with the internal procedures and policies of the Department of Correction. *See Hasty v. Broglin,* 531 N.E.2d 200 (Ind.1988); *Blackmon v. Duckworth,* 675 N.E.2d 349 (Ind.Ct.App.1996). As we have stated:

> "Courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.... The complex and intractable problems in prisons are not readily susceptible of resolution by judicial decree. Thus, courts will afford substantial deference to the pro-

fessional expertise of correction officials with respect to the day-to-day operation of prisons and the adoption and execution of prison policies." *Cohn v. Strawhorn,* 721 N.E.2d 342, 346 (Ind.Ct.App. 1999) (citations omitted), *trans. denied.*

Limitations upon prisoner rights resulting from internal procedures and policies of the IDOC, which are implemented to further penological objectives, including deterrence of crime, rehabilitation of prisoners, and institutional safety, are expected in the prison context.[8] *See, e.g., Doe v. Donahue,* 829 N.E.2d 99 (Ind.Ct.App. 2005); *Faver v. Bayh,* 689 N.E.2d 727 (Ind.Ct.App.1997); *Ind. Dep't of Correction v. Stagg,* 556 N.E.2d 1338 (Ind.Ct. App.1990).

Having determined that the legislature did not intend to provide the Claimants with a private right of action to enforce I.C. § 11–11–3–6, we hold that dismissal of the Claimants' complaint for lack of subject matter jurisdiction was appropriate. *See Blanck,* 829 N.E.2d at 510.

The judgment of the trial court is affirmed.

ROBB, J., and BARNES, J., concur.

---

7. Assuming they have been affected by the IDOC procedure at issue, the Claimants have not averred that they have challenged the IDOC's action through the grievance process and therefore exhausted their available administrative remedies. *See Higgason v. Lemmon,* 818 N.E.2d 500, 503 (Ind.Ct.App.2004) (noting that the trial court is deprived of

subject matter jurisdiction if a claimant fails to exhaust available administrative remedies), *trans. denied.*

8. As set out in footnote 1, *supra,* the IDOC expressly stated that it considers printed matter containing any type of sexual conduct to be "a threat to the security of the facility."