# FOR PUBLICATION



**FILED**

Sep 19 2012, 8:58 am

**CLERK**
of the supreme court,
court of appeals and
tax court

<u>APPELLANT PRO SE</u>:

**LAVELLE MALONE**
Pendleton, Indiana

<u>ATTORNEYS FOR APPELLEE</u>:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| LAVELLE MALONE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1203-MI-228 |
| | ) | |
| KEITH BUTTS and BRUCE LEMMON, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

---

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis Carroll, Judge
Cause No. 48C06-1112-MI-586

---

**September 19, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Lavelle Malone, *pro se,* appeals from the trial court's order granting a motion to dismiss filed by Keith Butts, Superintendent of the Pendleton Correctional Facility and Bruce Lemmon, Commissioner of the Indiana Department of Correction (collectively, the "DOC"). Malone raises one issue which we revise and restate as whether the court erred in dismissing his Action for Mandate for failure to state a claim upon which relief can be granted. We affirm.

The relevant facts follow. On April 1, 2011, Malone was found guilty by the Disciplinary Hearing Board ("DHB") of violating Adult Disciplinary Procedures ("ADP") Code 102 for committing battery with a weapon. The DHB sanctioned Malone to disciplinary segregation for one year, recommended that he be deprived of 365 days of earned credit time, and also recommended that his credit class be demoted from credit class one to class three. On April 4, 2011, the DOC issued a Modification of Visiting Privileges, labeled as State Form 43324, stating that as a result of the DHB sanction under ADP Code 102, Malone's visitation privileges were to be restricted to non-contact visits for a period of one year. The modification form noted that "[t]he decision to restrict you to NON-CONTACT visits may be appealed through Policy 00-02-301, 'Offender Grievance Process.'" Appellant's Appendix at 11. The modification was signed by the Superintendent.

On April 13, 2011, Malone filed an Offender Grievance Response Report stating that his visits were "restricted because of disciplinary reasons pursuant to being found guilty of Code 102 – This restriction is in violation of <u>State law</u> Indiana Code 11-11-5-4(4) also Disciplinary policy 02-04-101 – As I have never violated <u>any</u> rules or polices

2

[sic] of the visitation procedures." Id. at 10. Malone received a letter dated May 10, 2011, from the DOC stating that his correspondence concerning the disciplinary action against him had been received, that his appeal was denied by the final reviewing authority on April 28, 2011 and he had "exhausted all appeal rights and no further action will be taken," and that "[a]ny further correspondence on this issue will simply be noted and filed." Id. at 12.

On June 3, 2011, Malone filed a Petition for Writ of Mandate with the trial court. Malone sought an order directing the Indiana Department of Correction to comply with Ind. Code § 11-11-5-4(4), contending "that according to clear and unambiguous language of the aforementioned statute, restrictions on visitation privileges may not be used as a form of punishment for violation of prison rules unless the [] violation involved visitation." Id. at 6.

On February 3, 2012, Keith Butts and Bruce Lemmon filed a motion to dismiss the petition. On February 24, 2012, Malone filed his response in opposition to the DOC's motion to dismiss. On February 28, 2012, the court entered its order of dismissal, finding that Malone failed to state a claim upon which relief can be granted.[1]

The issue is whether the court erred in dismissing Malone's Petition for Writ of Mandate for failure to state a claim upon which relief can be granted. Ind. Code § 34-27-3-1 governs actions for mandate and provides:

> An action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any:

---

[1] On March 5, 2012, the DOC filed a reply in support of the motion to dismiss.

3

(1) act that the law specifically requires; or

(2) duty resulting from any office, trust, or station.

"An action for mandate, an extraordinary remedy of an equitable nature, is generally viewed with disfavor." State ex rel. Steinke v. Coriden, 831 N.E.2d 751, 757 (Ind. Ct. App. 2005), trans. denied. "Mandamus does not lie unless the petitioner has a clear and unquestioned right to relief and the respondent has failed to perform a clear, absolute, and imperative duty imposed by law." Id. (internal quotations and citations omitted). "'[T]he mandamus action does not lie to establish a right or to define and impose a duty. Public officials, boards, and commissions may be mandated to perform ministerial acts when under a clear legal duty to perform such acts.'" Perry v. Ballew, 873 N.E.2d 1068, 1072 (Ind. Ct. App. 2007) (quoting Perry Twp. v. Hedrick, 429 N.E.2d 313, 316 (Ind. Ct. App. 1981)), reh'g denied. Mandate actions exist "only where no adequate remedy at law is available." Varner v. Ind. Parole Bd., 905 N.E.2d 493, 498 (Ind. Ct. App. 2009), summarily aff'd in relevant part, 922 N.E.2d 610, 611 (Ind. 2010).

A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604 (Ind. 2007). Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is *de novo*. Id. A court should accept as true the facts alleged in the complaint, and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the nonmoving party. Trail v. Boys & Girls Clubs of Northwest Ind., 845 N.E.2d 130, 134 (Ind. 2006). A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless

it is clear on the face of the complaint that the complaining party is not entitled to relief. Charter One Mortg. Corp., 865 N.E.2d at 604. We will affirm a trial court's granting of a Rule 12(B)(6) motion to dismiss if it is sustainable on any basis found in the record. City of New Haven v. Reichhart, 748 N.E.2d 374, 378 (Ind. 2001).

Malone argues that his "visitation privileges were restricted to non-contact as a result of receiving a disciplinary sanction," and that Ind. Code § 11-11-5-4(4) "does not permit the DOC to impose restrictions on visitation resulting from a disciplinary action, and there is nothing in the statute which suggests an inmate may not bring an action in court to enforce its provisions."[2] Appellant's Brief at 3. Malone also cites to DOC policy # 02-01-102, noting that it "provides that 'non-contact or video visits shall not be imposed as a disciplinary sanction unless the basis for the imposition of non-contact visits is an action that took place during a visit and the sanction is listed on the Report of Disciplinary Hearing.'" Id. at 5 (quoting DOC policy # 02-01-102). The State argues that "contrary to Malone's claim," the non-contact visit "restriction was *not* imposed via Indiana Code Section 11-11-5-4," and instead was "pursuant to Indiana Code Section 11-11-3-9 by administrative action . . . ." Appellee's Brief at 6.

Our review of the record reveals that the State is correct that Malone's argument is based on an erroneous assumption that his visitation rights were restricted pursuant to a disciplinary decision, which pursuant to Ind. Code § 11-11-5-4(4) would be

---

[2] Ind. Code § 11-11-5-4 provides in part that "The department may not impose the following as disciplinary action: . . . (4) Restrictions on clothing, bedding, mail, *visitation*, reading and writing materials, or the use of hygienic facilities, except for abuse of these." (Emphasis added).

impermissible. Ind. Code § 11-11-3-9, titled "Visitors; prohibition; notice to confined person," provides in relevant part:

> (a) A person may be prohibited from visiting a confined person, or the visit may be restricted to an extent greater than allowed under section 8 of this chapter, if the department has reasonable grounds to believe that the visit would threaten the security of the facility or program or the safety of individuals.
>
> \* \* \* \* \*
>
> (c) If the department prohibits or restricts visitation between a confined person and another person under this section, it shall notify the confined person of that prohibition or restriction. The notice must be in writing and include the reason for the action, the name of the person who made the decision, and the fact that the action may be challenged through the grievance procedure.
>
> (d) The department shall establish written guidelines for implementing this section.

In accordance with this statute, the DOC promulgated Administrative Procedure # 02-01-102, which provides:

> Non-contact or video visits shall not be imposed as a *disciplinary sanction* unless the basis for the imposition of non-contact visits is an action that took place during a visit and the sanction is listed on the REPORT OF DISCIPLINARY HEARING. Non-contact or video visits may be imposed as an *administrative action* by the Facility Head based upon a staff member's written recommendation and justification indicating reasonable knowledge or information and belief that non-contact visitation is appropriate.
>
> Any imposition of non-contact or video visits must have the written approval of the Facility Head or designee.
>
> \* \* \* \* \*
>
> [U]pon recommendation of staff and approval of the Facility Head, an offender may be considered for non-contact or video visits for violations of other disciplinary codes, including but not limited to:

6

- Batteries; . . . .

* * * * *

These restrictions *shall not be considered as a part of any disciplinary action* taken against the offender for guilty findings for any of the indicated offenses; *but, shall be an administrative action in addition to any disciplinary action taken against the offender*. The Disciplinary Hearing Body or Screening Officer shall notify the Facility Head or designee of any offender who has been found guilty of any disciplinary code violation which may result in a recommendation for non-contact or video visits.

When a decision is made to permit only non-contact or video visits, *the offender shall be notified in writing by use of State Form 43324*, MODIFICATION OF VISITING PRIVILEGES. This notification shall include: the reason for the imposition of the non-contact or video visits; the time period for the imposition of non-contact visits; and, the offender's right to appeal the decision through the procedures for Policy 00-02-301, "Offender Grievance Process." In those cases where the non-contact or video visits apply only to a specific visitor, the visitor shall be notified in writing of the decision and his/her right to appeal this action to the Executive Director of Adult Facilities or Executive Director of Juvenile Services.

Administrative Procedure # 02-01-102, at 19-21, *available at* www.in.gov/idoc/files/ Visitation.pdf (last visited August 24, 2012) (emphases added).[3]

As noted above, following Malone's disciplinary sanction issued by the DHB under ADP Code 102 for battery with a weapon, the DOC, on April 4, 2011, issued a Modification of Visiting Privileges, labeled as State Form 43324. The modification noted that it was a result of the ADP Code 102 sanction, that Malone's visitation privileges were to be restricted to non-contact visits for a period of one year, and that "[t]he decision to restrict you to NON-CONTACT visits may be appealed through Policy

---

[3] Malone included pages 19 and 21 of Administrative Procedure # 02-01-102 in his appellant's appendix; we note, however, that page 20 containing the list of disciplinary violations which were eligible for administrative non-contact visitation orders, was conspicuously absent from the appendix.

00-02-301, 'Offender Grievance Process.'" Appellant's Appendix at 11. The modification was signed by the Superintendent. Pursuant to this, Malone filed an offender grievance on April 13, 2011. The DOC complied with the requirements of Ind. Code § 11-11-3-9 when it administratively imposed restrictions on Malone's visits, and accordingly we conclude that the trial court properly dismissed the action for failure to state a claim upon which relief can be granted.

Also, we note that the State raises an argument in a footnote that "the trial court also lacked subject matter jurisdiction allowing dismissal of Appellants' mandate action." Appellee's Brief at 5 n.2. The Indiana Supreme Court has repeatedly held that "inmates have no common law, statutory, or federal constitutional right to review in state court DOC disciplinary decisions," and that "the threshold inquiry in [] prison discipline cases is whether the trial court has jurisdiction over the subject matter." Blanck v. Ind. Dep't of Corr., 829 N.E.2d 505, 507-508 (Ind. 2005) (citing Zimmerman v. State, 750 N.E.2d 337 (Ind. 2001); Adams v. Duckworth, 274 Ind. 503, 412 N.E.2d 789 (1980); Riner v. Raines, 274 Ind. 113, 409 N.E.2d 575 (1980)). This court, in Kimrey v. Donahue, 861 N.E.2d 379 (Ind. Ct. App. 2007), trans. denied, extended the rule in Blanck. In Kimrey, inmates "filed a complaint alleging that the IDOC has in place an administrative procedure which they contend violates their rights as set forth in Indiana Code § 11-11-3-6" and "requested a judgment ordering the IDOC to revise the challenged administrative procedure to provide for the rights conferred by" that statute. 861 N.E.2d at 380-381 (footnotes omitted). The court held that trial courts lack jurisdiction over inmate claims for violations of alleged statutory rights "unless an explicit private right of action is

8

afforded by statute or an allegation is made that constitutional rights are being violated." Id. at 382.

However, unlike the appellant in Kimrey, here Malone brought his claim by a petition for writ of mandate. This court addressed inmate claims by writs of mandate in Varner v. Ind. Parole Bd., 905 N.E.2d 493, 497-500 (Ind. Ct. App. 2009), summarily aff'd in relevant part, 922 N.E.2d 610, 611 (Ind. 2010). In Varner, the court began its jurisdiction analysis by noting that "[s]ubject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs," and that "[i]n making this determination, '[t]he only relevant inquiry . . . is to ask whether the kind of claim which the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or by statute." Id. at 497 (quoting State v. Schuetter, 503 N.E.2d 418, 420 (Ind. Ct. App. 1987)). The court noted that "Indiana Code section 4-21.5-2-5(6) ("Section 5(6)") . . . precludes judicial review of "[a]n agency action related to an offender within the jurisdiction of the department of correction," that it therefore appeared "that Varner had no adequate remedy at law," and that "a mandate action is designed to provide a remedy in such an instance." Id. at 498. The court held that "we think this is precisely the type of claim that 'falls within the general scope of authority conferred upon such court by the constitution or by statute,'" and concluded that the trial court did not lack subject matter jurisdiction over Varner's mandate action. Id. The court went on to distinguish cases including Blanck and Kimrey, noting that Varner's case "differs substantially . . . in terms of the type of claim asserted and the scope of the claim" and that "[r]egarding the type of claim, Varner's

9

mandate action can hardly be described as pertaining to regulation of the inmate population generally, let alone pertaining to a prison disciplinary decision." Id. at 500. See also Montgomery v. Ind. Dep't of Corr., 794 N.E.2d 1124, 1125-1127 (Ind. Ct. App. 2003) (noting that the prisoner appellant filed a petition entitled "Verified Petition for Judicial Review of Administrative Decision Violative of Indiana Code/Policy and/or a Petition for Writ of Mandate to Either Enjoin Non-compliance with Indiana Code or Order Compliance with Indiana Code," examining Section 5(6) of the Administrative Orders and Procedures Act ("AOPA"), and holding that "[t]he statute exempting certain DOC actions from the AOPA does not divest the judiciary of subject-matter jurisdiction over alleged violations of constitutional rights or . . . statutory and constitutional rights."), reh'g denied, trans. denied.

For the foregoing reasons, we affirm the trial court's grant of the DOC's motion to dismiss for failure to state a claim.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.