Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2013, 5:24 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL BALDWIN**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL BALDWIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1302-CR-168 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-0005-CF-75685

**December 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Michael Baldwin, *pro se*, appeals the trial court's denial of his petition for restoration of credit time. Baldwin raises two issues which we consolidate and restate as whether the court erred in denying Baldwin's petition for restoration of credit time. We affirm.

FACTS AND PROCEDURAL HISTORY

On May 9, 2000, the State charged Baldwin with Count I, attempted murder; Count II, unlawful possession of a firearm by a serious violent felon as a class B felony; Count III, battery as a class C felony; Count IV, resisting law enforcement as a class D felony; and Count V, carrying a handgun without a license as a class A misdemeanor. At some point, the State filed an amended information which included Count VII, aggravated battery as a class B felony. On January 15, 2002, Baldwin pled guilty to Count II, unlawful possession of a firearm by a serious violent felon as a class B felony and Count VII, aggravated battery as a class B felony, and the State agreed to dismiss the remaining charges. The plea agreement provided that the State would recommend a sentence of thirty years executed. The court sentenced Baldwin to ten years for unlawful possession of a firearm by a serious violent felon as a class B felony and twenty years for aggravated battery as a class B felony and ordered the sentences to be served consecutive to each other for an aggregate sentence of thirty years.

According to a form titled "Indiana Department of Correction Detail Credit Time Calculation as of 12/27/2012," while serving his ten-year sentence for Count II, the Department of Correction ("DOC") deprived Baldwin of 720 days of credit time, and one entry on the form under the heading "DEMOTE/DEPRIVE" lists an adjustment of sixty

2

days. Appellant's Appendix at 77. On appeal, Baldwin states that he was deprived of these 780 days of credit time due to conduct violations. On March 13, 2008 Baldwin was discharged to parole for his sentence on Count II and then began serving his sentence for Count VII.

At some point, Baldwin requested restoration of credit time.[1] On December 10, 2012, the Miami Correctional Facility issued a letter addressed to Baldwin which states:

> I am in receipt of your letter in which you express concern about your deprived Earned Credit Time (ECT). Depravations [sic] and restorations can only be executed on the current serving sentence.[2] Currently, you are serving time on Sentence 3.
>
> Parole status was issued for Sentence 2, on 3/13/2008, and Sentence 3 began on 3/14/2008[]. Any ECT that was deprived while you were serving Sentence 2 is no longer restorable. You were approved for the restoration of time for Sentence 3 on 12/4/2012, for 32 days, and 45 days on 11/26/2009.

Id. at 81.

On December 11, 2012, Baldwin filed an appeal with the DOC, and the appeal was denied. In a letter dated December 18, 2012, and addressed to Baldwin, the Superintendent of the Miami Correctional Facility explained that Baldwin was not eligible for any further credit time restoration. Specifically, the letter states:

> Policy states that any time taken due to conduct MUST be removed from the current serving sentence and restored on the sentence that it was removed from. The courts made your sentence consecutive rather than concurrent, meaning that you have already served your sentence on

---

[1] The record indicates that Baldwin filed a petition for restoration of credit time in November 2012, but the record does not contain such a petition.

[2] The DOC Disciplinary Code for Adult Offenders governs restoration of credit time and provides in part that "[t]he credit time being requested must be credit time that was deprived while serving the current sentence. Credit time deprived while serving a previous sentence or prior to release to parole or probation supervision on a current sentence can not be restored." Appellant's Appendix at 86.

sentence 2 (felony firearm possession) from which the credit was taken. You are currently serving sentence 3 (aggravated battery). Your return of credit time was calculated and done correctly.

Id. at 83. In a letter dated December 20, 2012, and addressed to Baldwin, the Director of the Ombudsman Bureau wrote that the December 10, 2012 letter from the Miami Correctional Facility appropriately addressed the matter.

On January 9, 2013, Baldwin, *pro se*, filed a "Verified Petition for Restoration of Deprived Earned Credit Time Not Awarded by the [DOC] pursuant to Indiana Code §§ 35-50-6-5(c); and 35-50-6-3." Id. at 62. Baldwin argued that the "[DOC] Administration considers both of [his] sentences under this cause as separate commitments to the [DOC] instead of as one commitment to the [DOC] with an executed sentence of thirty (30) years pursuant to a plea agreement," and that the "misconception that both sentences under this cause not being proportions of one aggregate sentence of thirty (30) years, (and one individualized commitment to the [DOC]), is the crux of the problem and the reason [DOC] administration will not restore any of the 780 days earned credit time [he] is statutorily entitled to." Id. at 64-65. Baldwin argued that DOC policy provided that the maximum amount of credit time that can be restored for petitions is seventy-five percent and requested that the court restore 585 days "which is 75% of the 780 days earned credit time he was deprived of on Count 2, and all other relief that is proper." Id. at 68.

On January 13, 2013, the court denied Baldwin's petition and handwrote on Baldwin's petition: "Denied. Petitioner's sentence on the counts was consecutive. DOC properly determined credit. Trial Court has no jurisdiction on DOC disciplinary or deprivation of credit time issues." Id. at 62.

4

Before discussing the issue, we note that although Baldwin is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. The issue is whether the court erred in denying Baldwin's petition for restoration of credit time. Baldwin points to Ind. Code § 35-50-6-5 which provides in relevant part:

(a)     A person may, with respect to the same transaction, be deprived of any part of the credit time the person has earned for any of the following:

(1)     A violation of one (1) or more rules of the department of correction.

* * * * *

(b)     Before a person may be deprived of earned credit time, the person must be granted a hearing to determine the person's guilt or innocence and, if found guilty, whether deprivation of earned credit time is an appropriate disciplinary action for the violation. In connection with the hearing, the person is entitled to the procedural safeguards listed in section 4(e) of this chapter. The person may waive the person's right to the hearing.

(c)     Any part of the credit time of which a person is deprived under this section may be restored.

Baldwin argues that "subsection (c) has plain unambiguous language permitting the restoration of any part of the credit time in which a person is deprived of." Appellant's Brief at 6. He contends argues that he "meets the criteria required by [DOC] *POLICY* for the restoration of the deprived earned credit time that he's diligently petitioned for . . . but DOC administrative officials have circumvented I.C. 35-50-6-5,[ ] subsection (c), by allocating the earned credit time to be restored under this cause . . . ." Id. at 7-8.

Baldwin also asserts that his placement on parole did not mean that he had completed his sentence on Count II or was discharged from that count. He posits that if he "could have possibly received a parole revocation at this time, and the [DOC] could have further deprived him of earned credit time on count 2, then it stands to reason that [he] should be entitled to a restoration of the deprived earned credit time during that time in question." Id. at 13. Baldwin concludes that the statutory nature and basis of his issues granted the trial court subject matter jurisdiction.

The State argues that the trial court properly determined that it did not have subject matter jurisdiction over Baldwin's appeal, and contends that decisions involving the restoration of deprived credit time involve internal guidelines within the DOC and the DOC should have the ability to interpret those guidelines. The State also asserts that Baldwin was discharged to parole for his sentence on Count II on March 13, 2008, and at that point any credit time of which he was deprived could no longer be restored. The State maintains that Baldwin is essentially requesting that deprived credit time from his previously served sentence on Count II be applied to the sentence he is currently serving on Count VII which is impermissible under the policies set forth by the Miami Correctional Facility.

Generally, Indiana courts have no subject matter jurisdiction to review prison disciplinary actions. See Blanck v. Ind. Dep't of Corr., 829 N.E.2d 505, 507 (Ind. 2005); State v. Moore, 909 N.E.2d 1053, 1056 (Ind. Ct. App. 2009), reh'g denied, trans. denied. Indiana courts have held that the judiciary may review other types of DOC actions. See, e.g., Ratliff v. Cohn, 693 N.E.2d 530, 548 (Ind. 1998) (holding that a juvenile may seek

declaratory and injunctive relief on the basis that her incarceration with adult offenders violated Indiana Constitution), reh'g denied; Kimrey v. Donahue, 861 N.E.2d 379, 382 (Ind. Ct. App. 2007) (concluding that the trial court has jurisdiction if allegation is made that constitutional rights are being violated), trans. denied. "Resolution of the subject matter jurisdiction issue involves determining whether the claim advanced falls within the general scope of authority conferred upon the court by constitution or statute." Blanck, 829 N.E.2d at 508. Baldwin does not allege a violation of any constitutional right. The question is whether Baldwin raised only a challenge to the disciplinary actions or whether his challenge is rooted in statutory law.

The Indiana Administrative Orders and Procedures Act, Indiana Code Sections 4-21.5-1-1 through 4-21.5-7-9 ("AOPA"), governs the orders and procedures of state administrative agencies, including the DOC. Id. at 510. Chapter 5 of the AOPA "establishes the exclusive means for judicial review of an agency action." Ind. Code § 4-21.5-5-1. The Legislature has specifically excluded from the AOPA's application any "agency action related to an offender within the jurisdiction of the [DOC]." Ind. Code § 4-21.5-2-5(6). The Indiana Supreme Court has concluded "that the clear intent of the Legislature here is to deny to inmates charged with or found guilty of misconduct the procedure specified in the AOPA, including judicial review. And with the intent of the Legislature on this point being clear, we are not free to infer a private right of action." Blanck, 829 N.E.2d at 510.

As noted, Baldwin cites Ind. Code § 35-50-6-5(c) which merely allows for restoration of credit time. However, Ind. Code § 35-50-6-5.5 governs credit time appeals

7

and provides that "[a] person who has been reassigned to a lower credit time class or has been deprived of earned credit time may appeal the decision *to the commissioner of the department of correction* or the sheriff." (Emphasis added). Here, Baldwin is attempting to challenge the prison disciplinary proceedings that deprived him of his credit time, or the proceedings that failed to restore certain credit time deducted for misconduct, which is an administrative responsibility of the DOC. See Campbell v. State, 714 N.E.2d 678, 683-684 (Ind. Ct. App. 1999) (holding that "the deprivation or restoration of a person's credit time is a discretionary matter entrusted not to the courts but to the administrators of the DOC," and that "granting or denying credit time is an administrative responsibility of the DOC"), reh'g denied, overruled on other grounds by Robinson v. State, 805 N.E.2d 783, 791 (Ind. 2004); see also Blanck, 829 N.E.2d at 510-511; Kimrey, 861 N.E.2d at 383 ("We garner from the Blanck decision that trial courts lack subject matter jurisdiction over such complaints unless an *explicit* private right of action is afforded by statute or an allegation is made that constitutional rights are being violated.") (Emphasis added). We conclude that the trial court properly denied Baldwin's petition because the trial court lacked subject matter jurisdiction to review the DOC disciplinary proceedings.

For the foregoing reasons, we affirm the trial court's denial of Baldwin's petition for credit time.

Affirmed.

ROBB, C.J., and BARNES, J., concur.