MAY, Judge,
concurs in part, dissents in part.
[37] I agree with the majority that the trial court properly granted summary judgment to the Medical and State-CIF defendants because Adams had an available administrative remedy as to his personal injury claim but failed to pursue it to completion, and that the trial court did not err in denying Adams’ motion to appear by video conference or same-day transport. But I believe the majority’s own analysis does not permit the result it reaches with regard to whether Adams had a private right of action to pursue his wage claim, and therefore respectfully dissent from that holding.
[38] When a civil cause of action is premised on violation of a duty imposed by statute, the initial question is whether the statute in question confers a private right of action. Roberts v. Sankey, 813 N.E.2d 1195, 1198 (Ind.Ct.App.2004), reh’g denied, trans. denied. The legislature did not ex *15 plicitly[10] provide in Title 11 for a private right of action. Kimrey v. Donahue, 861 N.E.2d 379, 382 (Ind.Ct.App.2007), trans. denied.
[39] In Blanck, our Supreme Court determined Blanck had no private right of action under five provisions of Indiana Code Title 11: (1) Ind.Code § 11-10-1-7, which requires periodic review of the reasons for segregation of an offender where the DOC has found segregation is necessary for the offender’s safety or the safety of others; (2) Ind.Code § 11-11-5-4, which prohibits the DOC from using various forms of discipline, addresses substantial changes in heating, lighting, or ventilation, and imposes certain restrictions on medical and dental care; (3) Ind.Code § 11-11-5-5, which prohibits the DOC from imposing any discipline before affording the person charged with misconduct a hearing to determine his or her guilt or innocence and, if guilty, the appropriate action; (4) Ind.Code § 11-11-5-6, which requires periodic review of the reasons for segregation of an offender charged but not yet found guilty of misconduct; and (5) Ind.Code § 11-11-5-7, which requires periodic review of the reasons for segregation of an offender found guilty of misconduct. 829 N.E.2d at 510.
[40] The Blanck Court noted each of those statutes imposes certain duties on the DOC and presumably confers substantive rights on inmates, but none of them contains any provision suggesting inmates have a right to enforce any such rights in court. 829 N.E.2d at 509. “So if there is subject matter jurisdiction over claims to enforce any such rights, it must either be because the Legislature intended it to be inferred from these statutes or because it is provided elsewhere in law.” Id.
[41] The Blanck Court determined the legislature did not intend for inmates to have a private right of action to enforce those statutes. Id. at 510. It noted the Legislature specifically excluded from the Administrative Orders and Procedures Act (AOPA) any “agency action related to an offender within the jurisdiction of the department of correction.” Id. (quoting Ind, Code § 4-21.5-2-5(6)). That reflected the clear intent of the Legislature “to deny to inmates charged with or found guilty of misconduct the procedure specified in the AOPA, including judicial review. And with the intent of the Legislature on this point being clear, we are not free to infer a private right of action.” Id. at 510.
[42] In Kimrey, we determined the Blanck analysis applied to other parts of Title 11:
While an argument could be made that the Blanck decision is limited to prison discipline matters, we think that the Blanck Court’s analysis has broader application to review of complaints brought by inmates of the Department of Correction seeking to enforce asserted statutory “rights,” such as in the case before us. We garner from the Blanck decision that trial courts lack subject matter jurisdiction over such complaints unless an explicit private right of action is afforded by statute or an allegation is made that constitutional rights are being *16 violated.[11] Here, the Claimants allege no constitutional violations; thus, in order for the trial court to have the power to review their complaint, the Claimants must have been given an explicit private right of action to enforce I.C. § 11 — 11— 3-6. 1
861 N.E.2d at 382 (emphasis supplied) (footnote in original omitted) (footnote added). We therefore did not find error in the dismissal of Kimrey’s complaint to the extent it was premised on alleged violations of Title 11. Id. at 383.
[43] In the case before us, the majority opinion (the author of which concurred in Kimrey), acknowledges the Kimrey language, but despite that, identifies no explicit language in section 11-10-7-4 that provides ‘ for a private right of action. There is none, as that section states only: “A commercial or agricultural enterprise established under this chapter is a private enterprise subject to laws .governing the operation , of similar enterprises in Indiana.” Ind.Code § 11-10-7-4, It says nothing more. That is not language that provides a claimant “an explicit private right of action.”
[44] Despite our statement in Kimrey that there must be an explicit right of adtion, the majority instead reverses the trial court based on what it concedes is an implicit right of action: “section 11-10-7-4 provides at least an implied right to sue.”[12] (Op. at 8.) That result cannot be reconciled with our Kimrey statement, and I cannot accept the majority’s opinion that the Kimrey requirement of an “explicit” right of action can be satisfied by something only “implicit.”[13]
[45] The majority implies a cause of action on the premise that such was the legislature’s intent.' But our Supreme Court has cautioned that legislative intent is best determined by what the statutory language itself includes and not include. See, e.g., N.D.F. v. State, 775 N.E.2d 1085, 1088 (Ind.2002) (court will not read into the statute that which is not the expressed intent of the legislature, and as such, it is just as important to recognize what the statute does not say as it is to recognize what it does say).
[46] I believe our Supreme Court’s Blanch analysis and this court’s Kimrey analysis are correct, and they do not permit reversal based on only an implied right of action. Cognizant of what Ind.Code § 11-10-7-4 says and does .not say, I would affirm the trial court’s determination Adams had no private right of action. Accordingly, I. must respectfully dissent.

. The majority correctly notes that where a legislative body does not explicitly provide for a private right of action to enforce the provisions of a particular statute, “courts frequently are asked to determine whether the Legislature intended a private right of action be implied." (Op. at 510-11) (citing Blanck v. Ind. Dep’t of Corr. 829 N.E.2d 505, 509 (Ind.2005)). But as explained below, this court has held that any private right of action under Title 11 must be explicitly provided by statute. It is therefore inappropriate to consider whether a private right of action might be implied.

. Adams prefaced his amended complaint by saying he was bringing it "pursuant to” certain constitutional provisions, (Appellants’ App. at 47), but no specific allegations of constitutional violations can be found in his complaint.

. The majority finds this "implied right” because under Ind.Code § 11-10-7-4, Meritor is "subject to laws governing the operation of similar enterprises.” That includes the Wage Payment statute, under which an employee may sue for unpaid wages, I would not stretch the language of Ind.Code § 11-10-7-4, which addresses only the "operation” of "enterprises” to cover unrelated claims by employees.

. The word “implied” is "used in law as contrasted with ‘express’;- i.e., where the intention in regard to the subject matter is not manifested.by explicit and direct words, but is gathered by implication or necessary deduction from the circumstances, the general language, or the conduct of the parties.” Black’s Law Dictionary 888 (Rev. Fourth Ed. 1968).