MAY, Judge,
concurring in part and dissenting in part.
[1] I agree that rehearing is appropriate in this case to address ArvinMeritor’s concerns about possible implications of the reasoning in the majority decision. But I cannot agree with the majority analysis on rehearing, because as explained in my dissent in our original opinion, Ind.Code § 11-10-7-4 should not be interpreted to provide a private right of action.
[2] This court stated explicitly in Kimrey v. Donahue, 861 N.E.2d 379, 382 (Ind.Ct.App.2007), trans. denied, that trial courts lack subject matter jurisdiction over complaints like Adams’ “unless an explicit private right of action is afforded by statute or an allegation is made that constitutional rights are being violated.” (Emphasis added.) In the case before us the majority identified no such explicit private right of action; to the contrary, it resolved that issue based on its determination “section 11-10-7-4 provides at least an implied right to sue.” Adams v. ArvinMeritor, Inc., 48 N.E.3d 1, at 8-9 (Ind.Ct.App.2015) (emphasis added).
[3] Recognizing, however, that the majority opinion found a private right of action, I agree rehearing is appropriate to address ArvinMeritor’s concerns.