OPINION ON REHEARING

APPELLANTS PRO SE

Chuck W. Adams
Pendleton, Indiana

Charles E. Howard
Morgantown, Indiana

Attorneys for *Amici Curiae*, Michael Kincade, Antonio Collier, and David Marzini
Robert S. Rifkin
Clinton E. Blanck
Maurer Rifkin & Hill, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEES

Attorneys for ArvinMeritor, Inc., *et al.*
Brian L. McDermott
Christopher C. Murray
Ebony A. Reid
Ogletree Deakins Nash Smoak &
Stewart P.C.
Indianapolis, Indiana

Attorneys for State of Indiana
Gregory F. Zoeller
Attorney General of Indiana
Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

Attorneys for Corizon, Inc., *et al.*
Rachel A. East
Bleeke Dillon Crandall
Indianapolis, Indiana

FILED
Apr 18 2016, 8:52 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chuck W. Adams, Charles E. Howard, et al., <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> ArvinMeritor, Inc., et al., <br><br> *Appellees-Defendants.* | April 18, 2016 <br><br> Court of Appeals Case No. 49A02-1406-PL-465 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James B. Osborn, Judge <br><br> Trial Court Cause No. 49D14-1206-PL-25688 |

**Robb, Judge.**

[1] In *Adams v. ArvinMeritor et al*, 2015 WL 8319119 (Ind. Ct. App. Dec. 9, 2015), we held, in part, that inmates at the Indiana Department of Correction Correctional Industrial Facility participating in an offender work program operated by a private enterprise had a private right of action to enforce the statutory prevailing wage requirement. Accordingly, we reversed the trial court's order dismissing the wage claim against Meritor and the State defendants and remanded for further proceedings. Meritor has filed a petition for rehearing,[1] contending we unreasonably interpreted Indiana Code section 11-10-7-4 and the decision should be revisited because it will result in "presumably unintended consequences." Meritor Appellees' Petition for Rehearing at 4. We grant rehearing to address Meritor's argument.

[2] Essentially, Meritor contends our interpretation of section 11-10-7-4 "opens the door to claims under every other generally applicable employment law that does not expressly exclude prisoners." *Id.* at 3.[2] Our decision was premised on the specific statutes implicated by Adams's claim: Indiana Code chapters 11-10-6 and -7, and the Wage Payment and Wage Claims statutes (Indiana Code

---

[1] Meritor filed its petition for rehearing on January 8, 2016, the thirtieth day after our opinion was issued. Adams did not file a response to the petition for rehearing. The State defendants submitted a Brief in Support of Co-Appellees' Petition for Rehearing on January 26, 2016, well after the time for filing their own petition for rehearing of the opinion had passed (as well as after the time for a response to a petition for rehearing to be filed had passed). Our rules do not provide for a "brief in support" of a petition for rehearing, and the State did not seek leave of court to file the brief. We have therefore not considered it.

[2] Meritor does not make a separate argument with respect to this court's determination that its employment program at the Department of Correction is covered by Chapter 7, but does note that it denies Chapter 7 applies to it. *Id.* at 2 n.4. If the Meritor enterprise at the DOC is not a Chapter 7 enterprise, then it is difficult to imagine any enterprise that would be. *See Adams*, 2015 WL 8319119 at *1, 4 (discussing the nature and operation of Meritor's business at CIF).

chapters 22-2-5 and -9). It was further premised on the specific circumstances of this claim: namely, that after this claim was initiated, those statutes were amended to foreclose any similar claims in the future. The amendment of those specific statutes was a prime consideration in reaching our decision. *See Adams*, 2015 WL 8319119 at *5 (considering the amendment of the statutes to exclude an action such as Adams's in determining legislative intent). Thus, we reject Meritor's argument that the decision could be expanded far beyond the narrow interpretation at issue when in fact, a claim such as Adams's is no longer available but for those who, like Adams, had claims already in progress when the statutes were amended in May 2013.

[3] Further, we note that this case was decided by the trial court on a Trial Rule 12(B)(6) motion to dismiss. As stated in the original opinion,

> [w]e will affirm a dismissal under Trial Rule 12(B)(6) only if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. We view motions to dismiss under Trial Rule 12(B)(6) with disfavor because such motions undermine the policy of deciding cases on their merits.

*Id.* at *3 (citations omitted). Our opinion determined only that on its face, Adams's complaint had stated a claim for which relief *could* be granted under Title 11, but cautioned that "[t]here may be other impediments to Adams's recovery of the wages to which will be discerned at a later stage . . . ." *Id.* at *5. We leave consideration of those "other impediments" to the trial court on a more fully developed record.

[4]     For these reasons, we reaffirm our earlier opinion in all respects.

Mathias, J., concurs.

May, J., concurs in part and dissents in part with opinion.

| | |
|---|---|
| Chuck W. Adams, Charles E. Howard, et al., | Court of Appeals Case No. 49A02-1406-PL-465 |
| *Appellants-Plaintiffs,* | |
| v. | |
| ArvinMeritor, Inc., et al., | |
| *Appellees-Defendants.* | |

**May, Judge, concurring in part and dissenting in part.**

[1] I agree that rehearing is appropriate in this case to address ArvinMeritor's concerns about possible implications of the reasoning in the majority decision. But I cannot agree with the majority analysis on rehearing, because as explained in my dissent in our original opinion, Ind. Code § 11-10-7-4 should not be interpreted to provide a private right of action.

[2] This court stated explicitly in *Kimrey v. Donahue*, 861 N.E.2d 379, 382 (Ind. Ct. App. 2007), *trans. denied*, that trial courts lack subject matter jurisdiction over complaints like Adams' "*unless an explicit private right of action is afforded by statute or an allegation is made that constitutional rights are being violated.*" (Emphasis added.) In the case before us the majority identified no such explicit private right of action; to the contrary, it resolved that issue based on its

determination "section 11-10-7-4 provides at least an *implied* right to sue." *Adams v. ArvinMeritor, Inc.*, No. 49A02-1406-PL-465, 2015 WL 8319119, at *5 (Ind. Ct. App. Dec. 9, 2015) (emphasis added).

[3]     Recognizing, however, that the majority opinion found a private right of action, I agree rehearing is appropriate to address ArvinMeritor's concerns.