APPELLANTS PRO SE
Chuck W. Adams
Bunker Hill, Indiana

Charles E. Howard
Morgantown, Indiana

ATTORNEYS FOR AMICI CURIAE
MICHAEL KINCADE, ANTONIO
COLLIER, AND DAVID MARZINI
Robert S. Rifkin
Clinton E. Blanck
Maurer Rifkin, P.C.
Carmel, Indiana

ATTORNEYS FOR ARVINMERITOR, INC., ET AL.
Brian L. McDermott
Christopher C. Murray
Ebony A. Reid
Ogletree Deakins Nash Smoak & Stewart P.C.
Indianapolis, Indiana

ATTORNEYS FOR STATE OF INDIANA, ET AL.
Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR CORIZON, INC., ET AL.
Jeb A. Crandall
Bleeke Dillon Crandall

Rachel A. East
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Oct 12 2016, 12:29 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 49S02-1610-PL-532

CHUCK W. ADAMS, CHARLES E. HOWARD,
ET AL.,

*Appellants (Plaintiffs below),*

v.

ARVINMERITOR, INC., ET AL.,

*Appellees (Defendants below).*

Appeal from the Marion Superior Court, No. 49D14-1206-PL-025688
The Honorable James B. Osborn, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1406-PL-00465

**October 12, 2016**

**Per Curiam.**

While Chuck Adams and Charles Howard were inmates at the Indiana Department of Correction ("DOC") Correctional Industrial Facility ("CIF"), they worked at a privately-owned brake shop operated by Meritor Heavy Vehicle Systems, LLC on the premises of CIF. Indiana Code chapter 11-10-7 permits the DOC commissioner to enter agreements with private enterprises to establish "facilities within the exterior boundary of any state adult correctional facility, for the manufacturing and processing of goods or any other business, commercial, or agricultural enterprise." Ind. Code § 11-10-7-2.

Adams and Howard filed a complaint alleging among other things that they are owed unpaid wages because they were not paid the "prevailing wage" for their work. Indiana Code section 11-10-7-3 provides that "an offender employed by a private person under this chapter will be paid at least the prevailing wage for that type of work . . . including applicable wage increases for overtime work." Meritor Heavy Vehicle Systems and all its related companies, officers, and employees named as defendants (collectively "Meritor defendants"), and the State defendants[1] filed motions to dismiss the wage claims, arguing in part that Indiana Code chapter 11-10-7 does not create a private right of action. The trial court granted the motions and dismissed the claims.

A majority of the Court of Appeals reversed, concluding Adams and Howard have a private right of action under section 11-10-7-4, which provides that an enterprise operating under

---

[1] The named Meritor defendants are ArvinMeritor, Inc.; Meritor, Inc.; Meritor Heavy Equipment Systems, LLC; Joseph L. Mejaly; Catherine Auckland; Vernon Baker; ArvinMeritor; ArvinMeritor Brake Shop/Meritor Brake Shop; Dwight Treen; Jon Fowler; and Matt Durham. The named State defendants relevant to the wage claims are Edwin G. Buss; Bruce Lemmon; the DOC; PEN Products; Mike Herron; Doug Evans; Becky Deeb; Dawn Morgan; Mark Spratt; Gregory F. Zoeller; Christopher A. Ruhl; Mark E. Everson; and the State of Indiana. (Appellant's App. at 47.)

chapter 11-10-7 "is a private enterprise subject to laws governing the operation of similar enterprises in Indiana." Adams v. ArvinMeritor, Inc., 48 N.E.3d 1, 8-9 (Ind. Ct. App. 2015), *aff'd on reh'g by*, 53 N.E.3d 1182 (Ind. Ct. App. 2016). The majority noted that private enterprises are subject to the Wage Payment Statute, which allows an employee to file an action in court to collect unpaid wages. *See* I.C. § 22-2-5-2. And the majority concluded Adams and Howard may pursue their wage claims. Adams, 48 N.E.3d at 9.[2] Judge May dissented on this issue, concluding the trial court properly dismissed the wage claims because Indiana Code section 11-10-7-4 did not explicitly create a private right of action for offenders to pursue wage claims. Id. at 16, and 53 N.E.3d at 1184 (May, J., dissenting in part). The Meritor defendants seek transfer.

We agree with Judge May. We grant transfer, adopt and incorporate by reference the dissent's original and rehearing opinions addressing the wage claims, *see* Ind. Appellate Rule 58(A)(1), and affirm the trial court's dismissal of these claims. We summarily affirm those parts of the Court of Appeals opinions addressing Adams's other claims. *See* App. R. 58(A)(2).

All Justices concur.

---

[2]Effective May 9, 2013, the Legislature amended the relevant statutes to exempt criminal offenders in a DOC facility from the Wage Payment and Wage Claim Statutes. (*See* P.L. No. 223-2013, secs. 4, 5, and 6.) As the majority noted, this Legislative action has "foreclose[d] any similar claims in the future." Adams, 53 N.E.3d at 1183.